

IN AND FOR THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. _50 2010 CA 016145 XXXXMB_

MAGALY PINARES AND MARCOS PINARES,

Plaintiffs,

Vs.

UNITED TECHNOLOGIES CORPORATION,
D/b/a PRATT & WHITNEY,

Defendant.

_____/

### COMPLAINT

Plaintiffs, MAGALY PINARES AND MARCOS PINARES, sue the Defendant,

UNITED TECHNOLOGIES CORPORATION, d/b/a PRATT & WHITNEY, and allege:

### Parties, Jurisdiction and Venue

1.    Plaintiffs, MAGALY PINARES AND MARCOS PINARES, are residents and owners of

real estate at 14193 82ND Street N., Loxahatchee, Palm Beach County, Florida.

2.    Plaintiffs' property is located in an area of Palm Beach County commonly referred to as

"The Acreage."

3.    Defendant, UNITED TECHNOLOGIES CORPORATION, d/b/a PRATT & WHITNEY,

(hereinafter referred to as "PRATT & WHITNEY" or "Defendant") is a Delaware corporation

with a principal place of business and address of 1 Financial Plaza, Hartford, CT 06101.  At all

times material hereto, Defendant owned and operated a manufacturing facility, hereinafter the



"Facility", on property that it owns within Palm Beach County, Florida, approximately 18 miles west of Jupiter and 15 miles northwest of Palm Beach. Said property is located close to the northern edge of The Acreage. Beginning in the late 1950's and continuing through the present time, Defendant has operated manufacturing divisions at said property, including but not limited to those known as the Pratt and Whitney Government Engine Business Division, the Pratt & Whitney Aircraft Florida Research and Development Center, and Pratt & Whitney Rocketdyne. Industrial activities have been conducted over the years at the Facility by Defendant causing chemicals to leak into the soil and groundwater at the Facility. The leaked chemicals have migrated and continue to migrate beyond the boundaries of the Facility and into the surrounding properties including the Acreage.

4.      Venue is proper in this County because the acts complained of occurred in Palm Beach County, Florida, and the damages sustained by the Plaintiffs were to person and property located in Palm Beach County, Florida. The damages sustained by each of the Plaintiffs, individually, well exceed fifteen thousand dollars, the minimum jurisdictional limits of this court

## General Factual Allegations

5.      At all times material hereto, PRATT & WHITNEY's business operations at its property have included, among other pursuits, design, manufacture, testing, and rebuilding of aviation and rocket engines.

6.      As part of the design, development and testing of aerospace propulsion systems, the Defendant operated engine test stands throughout the subject property. Polychlorinated biphenyls ("PCB's") were used as dielectric hydrothermal heat exchangers at the test stands. PCB's are known to cause cancer.

2

7.     PRATT & WHITNEY's operations at the subject property have also produced acidic and alkaline rinse wastewater and hazardous wastes.  Defendant's waste generated at the property have in some instances been collected in percolation ponds, buried, stored or incinerated at sites on Defendant's property.  The waste includes oil, sodium cyanide, thorium-dispersed nickel, construction debris, unknown solid waste, solvents, solvent sludges, asbestos, fuels, paints, pesticide and herbicide residue, benzonitrite, mercury, and commercial and laboratory chemicals.

8.     One of the contaminants on the Defendant's property is 1, 4-dioxane, which the US Department of Health and Human Services considers as reasonably anticipated to be a human carcinogen.

9.     There have been several toxic leaks and spills on Defendant's property, and as of November 2008, the state Department of Environmental Protection suspected that 24 contaminants were on the property.  Toxins, contaminants, and carcinogens, hereinafter referred to as Chemicals or Contaminants of Concern or "CCOCs", have been confirmed by testing performed for PRATT & WHITNEY to be present in high concentration in the groundwater in and around the Facility.  Those CCOCs include but are not limited to the following: PCBs, Trichloroethane, TCE, 1,1,1 Trichoroethane, Trichloroethylene, Tetrachloroethylene (perchloroethylene), Trichloroethene, Tetrachloroethane, Chloroethane, 1,1 dichloroethane, Dichloromethane, Dichloroethylene (Vinyl chloride), Carbon Tetrachloride, Chloroform, Bromodichloromethane, Methylene Chloride, and heavy metals.

10.     Over the years, ground water movement, surface water run-off, percolation pond flooding, canal flooding and/or wind-blown dust have caused CCOCs to escape from the Defendant's property into surrounding areas including the Acreage.

11.     Defendant failed to take adequate measures to prevent the escape of CCOCs and other

3

hazardous materials from its property.

12.    On or about February 1, 2010, when the Palm Beach County Health Department designated the Acreage as a cancer cluster, concerns emerged that cancers in the Acreage might be attributable to Defendant's pollution and contamination emanating from its facility.  On April 11, 2010, the Palm Beach Post published an article on its front page titled "Acreage cluster evokes memories of 1980s cancer mystery at Pratt."  The article detailed some of the chemical spills a few miles north of the Acreage at Pratt & Whitney which contaminated its groundwater along with a map showing the close proximity to the Acreage of the spills along the southern border of Pratt & Whitney's property.  The article discussed increased cancer death rates of Pratt & Whitney workers attributing them to the chemicals Pratt & Whitney spilled and which contaminated its groundwater.

13.    The cancer cluster coupled with Pratt & Whitney's chemical spills and groundwater contamination has received wide-spread coverage from print and television media recently causing property values in the Acreage to plummet.

14.    As a direct and proximate result of PRATT & WHITNEY's release of hazardous materials and CCOCs and the recent media coverage regarding it, some property owners have abandoned their properties because of the chemical scare causing property values within the Acreage to further deteriorate.

15.    As a direct and proximate result of PRATT & WHITNEY's release of hazardous materials and CCOCs the Plaintiff, MAGALY PINARES, has developed renal carcinoma from exposure to CCOCs.  The renal carcinoma has required the surgical removal of her left kidney. The renal carcinoma metasticized to her right femur requiring surgical removal of approximately thirty-five percent of the proximal femur and the joint in her hip thereby necessitating an



artificial replacement.  The renal carcinoma has also metasticized to her thyroid requiring chemotherapy and other medical care and treatment.

### Count I – Strict Liability for Ultrahazardous Activity

16.    Plaintiffs re-allege and incorporate by reference paragraphs 1 - 15 above as if set forth fully herein.

17.    PRATT & WHITNEY's business activities conducted at the subject property constituted an ultrahazardous activity because the Defendant's operations created ultrahazardous materials and CCOCs as set forth above.

18.    Since Defendant was and is engaged in an ultrahazardous activity, it is strictly liable to Plaintiffs for all personal injury and property damages caused as a result thereof.

19.    As a direct and proximate result of the seepage and pollution by the ultrahazardous chemicals and CCOCs that Defendant created, Plaintiffs have suffered personal injury damages as well as a diminution of the value of their real estate and have suffered property stigma damages.

20.    Defendant knew that a high degree of risk existed in its use, storage and/or disposal of such materials.  Defendant also knew that a substantial likelihood existed that harm might occur should any such materials escape from its site.

21.    Defendant failed to contain and properly dispose of the ultrahazardous chemicals and CCOCs.  These acts and omissions were undertaken with conscious disregard or indifference to the rights, welfare and safety of Plaintiffs and their property.  Accordingly, Plaintiffs seek punitive damages in such an amount as may be found proper under the facts and circumstances.



### Count II – Negligence and Negligence Per Se and FLA. STATS. §403.011 & §376.30

22.     Plaintiffs re-allege and incorporate by reference paragraphs 1 – 15 above as if set forth fully herein.

23.     PRATT & WHITNEY owed a duty to Plaintiffs to take appropriate precautions and to possess and exercise the degree of care that an ordinary prudent person would under the same or similar circumstances to avoid the escape of contaminants and other hazardous materials and CCOCs from its property.

24.     Defendant breached the aforesaid duty by failing to take appropriate precautions to avoid the escape of contaminants and other hazardous materials and CCOCs from its property, and by failing to adequately train and supervise its employees in the storage, monitoring and disposal of contaminants and other hazardous materials and CCOCs.

25.     Defendant exercised exclusive control over its operations on its property and the handling, storage and disposal of contaminants and other hazardous materials and CCOCs produced by its operations.  In the normal course of events, contaminants and other hazardous materials and CCOCs would not escape from Defendant's property if Defendant had used ordinary care.

26.     In addition, PRATT & WHITNEY's actions in permitting contaminants and other hazardous materials and CCOCs to escape its property constitute violations of the Florida Air and Water Pollution Control Act, § 403.011, Fla. Stat., et seq. and/or Florida's Water Quality Assurance Act, § 376.30, Fla. Stat., et seq.  Plaintiffs are members of the class of people that the Acts were designed to protect, and the harm suffered is of the type that the Acts were designed to prevent.  Defendant's violations of said Acts create strict liability and constitute negligence per se.



27.     As a direct and proximate result of the foregoing, Plaintiffs have suffered personal injury damages as well as a diminution of the value of their real estate and have suffered property stigma damages.

28.     Defendant knew that a high degree of risk existed in its use, storage and/or disposal of such materials.  Defendant also knew that a substantial likelihood existed that harm might occur should any such materials escape from its site.

29.     Defendant failed to contain and properly dispose of the ultrahazardous chemicals and CCOCs.  These acts and omissions were undertaken with conscious disregard or indifference to the rights, welfare and safety of Plaintiffs and their property.  Accordingly, Plaintiffs seek punitive damages in such an amount as may be found proper under the facts and circumstances.

**Count III – Nuisance**

30.     Plaintiffs re-allege and incorporate by reference paragraphs 1 - 15 above as if set forth fully herein.

31.     PRATT & WHITNEY's used its property such that contaminants and other hazardous materials and CCOCs caused personal injury and damage to Plaintiffs and their property values.

32.     The release of contaminants and other hazardous materials and CCOCs on Defendant's property has materially and substantially interfered with Plaintiffs use and enjoyment of their properties.

33.     As a direct and proximate result of the foregoing, Plaintiffs have suffered personal injuries as well as a diminution of the value of their real estate and have suffered property stigma damages.

33.     Defendant knew that a high degree of risk existed in its use, storage and/or disposal of



such materials.  Defendant also knew that a substantial likelihood existed that harm might occur should any such materials not be disposed of properly.

34.     Defendant failed to contain and properly dispose of the ultrahazardous chemicals and CCOCs.  These acts and omissions were undertaken with conscious disregard or indifference to the rights, welfare and safety of Plaintiffs and their property.  Accordingly, Plaintiffs seek punitive damages in such an amount as may be found proper under the facts and circumstances.

### Count IV – Trespass

35.     Plaintiffs re-allege and incorporate by reference paragraphs 1 - 15 above as if set forth fully herein.

36.     Plaintiffs properties were invaded by contaminants and other hazardous substances and CCOCs released from the PRATT & WHITNEY's property as set forth above.  Defendant caused or permitted the release of such contaminants or hazardous materials in furtherance of its business activities.

37.     Defendant's conduct constitutes a repeated trespass and an unpermitted intrusion onto Plaintiffs property.

38.     As a direct and proximate result of the foregoing, Plaintiffs have suffered personal injuries as well as a diminution of the value of their real estate and have suffered property stigma damages.

39.     Defendant knew that a high degree of risk existed in its use, storage and/or disposal of such materials.  Defendant also knew that a substantial likelihood existed that harm might occur should any such materials escape from its site.

40.     Defendant failed to contain and properly dispose of the ultrahazardous chemicals and

CCOCs. These acts and omissions were undertaken with conscious disregard or indifference to the rights, welfare and safety of Plaintiffs and their property. Accordingly, Plaintiffs seek punitive damages in such an amount as may be found proper under the facts and circumstances.

### Count V - Loss of Consortium

41.    Plaintiff, MARCOS PINARES, re-alleges and incorporates by reference paragraphs 1 – 40 above as if set forth fully herein.

42.    The aforesaid, has caused or contributed to cause the Plaintiff, MARCOS PINARES, in the past, and will in the future, to be deprived of the support, protection, services, and society of his wife, MAGALY PINARES, and the condition so complained of is permanent in nature.

43.    Furthermore, MARCOS PINARES, as the result of the significant injury resulting in MAGALY PINARES's permanent disability is entitled to recover for his past and future permanent loss of consortium, including the loss of companionship, society, co-operation, aid, loss or impairment of sexual relations and solace of his injured wife.

### Prayer for Relief

WHEREFORE, Plaintiffs pray that:

A.    MAGALY PINARES be awarded her the full and fair measure of her damages for the severe permanent injuries that she has and will endure as a result of the foregoing. That she recover the full value of her past and future suffering, pain and mental anguish, and loss of capacity for the enjoyment of life;

9

B.   MAGALY PINARES be awarded the full and fair measure of her damages for her past and future surgeries, painful and extensive chemotherapy, medical care and treatment, medication, past and future medical support and home care needs, past and future medical bills and expenses attendant to the condition of the Plaintiff, MAGALY PINARES;

C.   MAGALY PINARES be awarded the full and fair measure of her damages for her past and future loss of earnings and earning capacity;

D.   MARCOS PINARES be awarded the full and fair measure of his damages for his past and future loss of earnings and his aforesaid loss of consortium damages;

E.   Plaintiffs recover the compensatory damages determined to have been sustained by each of them respectively, including, but not limited to, diminution of the value of their real estate and property stigma damages, and that judgment for damages be entered herein against Defendant in an amount to be determined;

F.   Plaintiffs recover punitive damages from Defendant based on its conscious disregard for the rights, welfare and safety of the Plaintiffs and their property, and that judgment for same be entered against Defendant in an amount to be determined;

G.   The Court enter a judgment awarding counsel their reasonable attorney's fees and reimbursement of all expert fees, costs and expenses; and,

H.   The Court grant such other and further general and equitable relief as may be deemed just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand trial by jury on all issues so triable as a matter of right.

Dated: this 21 day of June, 2010.

CRAIG R. ZOBEL, P.A.
Post Office Box 3151
West Palm Beach, FL 33402
Phone: (561) 277-1819
Fax: (561) 630-9666

Craig R. Zobel, Esquire
Florida Bar No. 056080
Counsel for Plaintiffs

SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
Phone: (954) 467-8800
Fax: (954) 523-4803
**Scott P. Schlesinger, Esq.**
Florida Bar No. 444952
Co-Counsel for Plaintiffs

PLEASE DATE
STAMP AND RETURN

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY, FL

CASE NO. 502010CA016145XXXXMB

MAGALY PINARES and MARCOS PINARES,

     Plaintiffs,

vs.

UNITED TECHNOLOGIES CORPORATION,
d/b/a PRATT & WHITNEY,

     Defendant.

_____/

COPY
RECEIVED FOR FILING
JUL 15 2010
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## DEFENDANT'S AGREED MOTION FOR ENLARGEMENT
## OF TIME TO FILE RESPONSE TO PLAINTIFFS' COMPLAINT

Defendant, United Technologies Corporation, d/b/a Pratt & Whitney, by and through undersigned counsel, hereby files this Motion for Enlargement of Time to File a Response to Plaintiffs' Complaint, and states:

1.    Plaintiffs filed their Complaint on June 21, 2010 in the Palm Beach County Circuit Court of the Fifteenth Circuit, Case No. 502010CA016145XXXXMB.  Pratt & Whitney was served via process server on June 25, 2010, thereby making the response due July 15, 2010.

2.    Defendant seeks an enlargement of 19 days to serve its response to the Complaint in this action, through and including August 3, 2010.

3.    Undersigned counsel telephoned Plaintiffs' counsel, Craig Zobel on July 14 to discuss the relief sought, and Plaintiffs' counsel agreed to the relief sought and agreed to have Defendant's counsel walk through an agreed order.

WHEREFORE, Defendants respectfully requests that the Court permit Pratt & Whitney through August 3, 2010, to serve its response to Plaintiffs' Complaint, and grant such other and further relief as the Court deems just and appropriate.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail to: Craig R. Zobel, Esq., Craig R. Zobel, P.A., Post Office Box 3151, West Palm Beach, FL 33402 and Scott P. Schlesinger, Esq., Schlesinger Law Offices, P.A., 1212 S.E. 3rd Avenue, Fort Lauderdale, FL 33316 on this _15_ day of July, 2010.

GUNSTER, YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500, East Tower
West Palm Beach, FL 33401
Telephone: (561) 655-1980
Facsimile: (561) 655-5677
Attorneys for Defendant

By:

GREGOR J. SCHWINGHAMMER, JR.
Florida Bar No. 090158
G. JOSEPH CURLEY
Florida Bar No.: 571873

7/15
04

.N THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY, FL

CASE NO. 502010CA016145XXXXMB

MAGALY PINARES and MARCOS PINARES,

    Plaintiffs,

vs.

UNITED TECHNOLOGIES CORPORATION,
d/b/a PRATT & WHITNEY,

    Defendant.

_____/

## AGREED ORDER ON DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO PLAINTIFFS' COMPLAINT

THIS MATTER having come before the Court upon Defendant's Motion for Enlargement of Time to File a Response to Plaintiffs' Complaint, and the Court being fully advised in the premises, it is

ORDERED AND ADJUDGED that:

1.    Defendant's Motion for Enlargement of Time to file a Response to Plaintiff's Complaint is GRANTED.

2.    The deadline for Defendant to file a responsive pleading or motion to Plaintiffs' Complaint is Tuesday, August 3, 2010.

DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this _____ day of July, 2010.

SIGNED AND DATED

JUL 1 5 2010

THE HONORABLE TIMOTHY P. MCCARTHY
Circuit Court Judge

JUDGE TIMOTHY P. McCARTHY

WPB 1084844.1

Copies furnished to:

Gregor J. Schwinghammer, Esq., Attorney for Defendant, Gunster, Yoakley & Stewart P.A., 777 So. Flagler Dr., Suite 500E, West Palm Beach, FL 33401

Craig R. Zobel, Esq., Craig R. Zobel, P.A., Post Office Box 3151, West Palm Beach, FL 33402

Scott P. Schlesinger, Esq., Schlesinger Law Offices, P.A., 1212 S.E. 3rd Avenue, Fort Lauderdale, FL 33316

7|19 05

IN AND FOR THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502010 CA 016145XXXXMB


MAGALY PINARES AND MARCOS PINARES,

Plaintiffs,

Vs.

UNITED TECHNOLOGIES CORPORATION,

D/b/a PRATT & WHITNEY,


Defendant.

## PLAINTIFFS' NOTICE OF SERVING INTERROGATORIES
## AND REQUEST FOR PRODUCTION

Plaintiffs, MAGALY PINARES AND MARCOS PINARES., by and through their
undersigned attorney, hereby file this Notice of Serving the following:

1.   Plaintiffs' First Interrogatories dated July 19, 2010.

2.   Plaintiffs' First Request to Produce dated July 19, 2010.


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing discovery request has been

served by facsimile and U.S. Mail this _____ day of July 2010, to Gregor J. Schwinghammer, Jr.,

Gunster Yoakley & Stewart P A, 777 S Flagler Dr Ste 500 EAST, West Palm Beach, Florida 33401-

6161

1

IN AND FOR THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502010 CA 016145XXXXMB

MAGALY PINARES AND MARCOS PINARES,

Plaintiffs,

Vs.

UNITED TECHNOLOGIES CORPORATION,

D/b/a PRATT & WHITNEY,

Defendant.

## PLAINTIFFS' FIRST INTERROGATORIES

TO:   TO:   Defendant,UNITED TECHNOLOGIES CORPORATION

c/o Gunster Yoakley & Stewart P A

Gregor J Schwinghammer, Jr.

Fla. Bar No. 90158

777 S Flagler Dr Ste 500 EAST

1

West Palm Beach, Florida 33401-6161

561.6500595

(fax) 561.6555677

In accordance with Florida Rules of Civil Procedure, Plaintiffs submit this First Interrogatories to Defendant. The Defendant herein shall serve written responses within thirty (30) days. The Plaintiffs further state that they may object to information which is available at the time response is initially made but not provided.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing discovery request has been served by facsimile and U.S. Mail this 19th day of July 2010, to Gregor J. Schwinghammer, Jr., Gunster Yoakley & Stewart P A, 777 S Flagler Dr Ste 500 EAST, West Palm Beach, Florida 33401-6161

CRZ/lf

CRAIG R. ZOBEL, P.A.
Post Office Box 3151
West Palm Beach, FL  33402
Phone: (561) 277-1819
Fax: (561) 630-9666

Craig R. Zobel, Esquire
Florida Bar No. 56080
Counsel for Plaintiffs

SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
Phone: (954) 467-8800

2

Fax: (954) 523-4803
**Scott P. Schlesinger, Esq.**
Florida Bar No. 444952
Co-Counsel for Plaintiffs

## INTERROGATORIES

1.      If you are a corporation, please state the correct name of your corporation, and all names that it has done business including the time period for which it used such d/b/a, whether said corporation is private or public, the date of incorporation, the state of incorporation, and the present names and addresses of all officers and directors of said corporation.

2.      What is the legal relationship between UNITED TECHNOLOGIES CORPORATION and PRATT & WHITNEY?

3.      Describe UNITED TECHNOLOGIES CORPORATION ownership interest in the building and land where PRATT & WHITNEY is physically located in Palm Beach County, Florida identifying the location and legal description of the property, the number of buildings and acres owned, the nature and extent of Defendant's ownership interest including the dates each such property was acquired and whether or not it is currently owned by UNITED TECHNOLOGIES CORPORATION. (If Defendant owns a subsidiary or other corporation or business which owns the land or building the answer should include such information.)

3

4.     State the name and address of all environmental scientists, engineering firms, hydrologists, geologists, environmental contractors, remediation contractors or firms, scientists, corporations, and entities that investigated or studied surface or groundwater contamination, pollution, or spills at the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is   physically located in Palm Beach County, Florida from January 1, 1950 to the present.

5.     State the location of all studies, reports, records, tests, lab results, proposals, and recommendations concerning surface or groundwater contamination, pollution, or spills at the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is   physically located in Palm Beach County, Florida, along with the name, address of the UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney employee(s) most  knowledgeable with respect to the present location and storage of such records.

6.     For each UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney employee who participated in the investigation, reporting, or clean-up of surface or groundwater contamination, pollution, or spills at the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is physically located in Palm Beach County, Florida, January 1, 1950 to the present, state the following:
(a)     name,
(b)     residential and professional address,

.4

(c)     title, position, and job duties
(d)     present employer,
(e)     time period employed by UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney

7.     State the names and address of all persons, businesses, and governmental entities which participated in the clean-up or remediation of any surface or groundwater contamination, pollution, or spills at the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is physically located in Palm Beach County, Florida, from January 1, 1950 to the present, and state the following:

(a)     name (past and present if changed),
(b)     address (past and present if changed),
(c)     dates of participation,
(d)     date and description of the spill, contamination, or pollution,
(e)     duties with respect to the clean-up or remediation

8.     For each well drilled by UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney in Palm Beach County, Florida, state the following:

(a)     identification of well
(b)     location of well (marked location on a map is sufficient if map area is described with particularity),
(c)     date well drilled,
(d)     dates well sampled,
(e)     state whether or not the well was ever used to supply drinking water,
(f)     if use of the well for drinking water was discontinued, state the date such use ceased, the reason the use was discontinued, and the concentration of any contaminants found
(g)     state whether or not the well was drilled as a monitoring well to test water quality
(h)     if the well was used to monitor groundwater quality or contamination, identify the contaminants found, the dates on which the contaminants were found, and the concentrations found on each such date,
(i)     each date on which the well was sampled and the names and addresses of the labs that performed the tests
(j)     identification, present location, and records custodian of all lab reports for tests taken

of the well,

(k)    identification and present location of all maps upon which the well is plotted,

9    For each inspection, investigation, and test of the soil and groundwater in the area of the solvent still located at UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney in Palm Beach County, Florida state the following:

(a)    describe the inspection, investigation, and test

(b)    location from which soil and water samples were taken (marked location on a map is sufficient if map area is described with particularity),

(c)    date samples taken,

(d)    results of samples, location of lab reports, and custodians of records and lab results,

(e)    state the uses the solvent still was put to including the dates, locations, and chemicals

(f)    if use of the solvent still was discontinued, state the date such use ceased, the reason the use was discontinued, and the concentration of any contaminants found around the still

(g)    state the chemicals and their concentrations found on the dates tested for the soils at and around the solvent still,

(h)    state the chemicals and their concentrations found on the dates tested for the water samples taken at and around the solvent still,

(i)    Identify all labs reports and tests that showed contaminants at and around the solvent still,

(j)    identification, present location, and records custodian of all lab reports for tests taken at and around the solvent still,

(k)    identification and present location of all maps upon which contamination from the solvent still is plotted,

(l)    identify all reports, records, correspondence, memos, notes, inquiries, photographs, and investigations of the solvent still.

(m)    State the name, present address, name of employer, and date(s) of inspection for each person and entity that inspected the solvent still area

10.    State whether or not spillage, contamination, or pollution from the solvent still at Pratt & Whitney at its Palm Beach County location was discussed at any meetings of UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney with managers, supervisors,

6

employees, administrators, department heads, directors, or officers.  If yes, state the date of each such meeting, identify the minutes and records of any such meeting, and provide the name and address of the custodian of such records.

11      For each inspection, investigation, and test of the soil and groundwater in the area of the underground storage tank located at UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney in Palm Beach County, Florida from which TCE escaped state the following:

(a)     describe the inspection, investigation, and test

(b)     location from which soil and water samples were taken (marked location on a map is sufficient if map area is described with particularity),

(c)     date samples taken,

(d)     results of samples, location of lab reports, and custodians of records and lab results,

(e)     state the uses of the underground storage tank  including the dates, location, and chemicals stored within it,

(f)     if use of the underground storage tank  was discontinued, state the date such use ceased, the reason the use was discontinued, and the concentration of any contaminants found around the still

(g)     state the chemicals and their concentrations found on the dates tested for in the soils at and around the underground storage tank ,

(h)     state the chemicals and their concentrations found on the dates tested for the water samples taken at and around the underground storage tank,

(i)     Identify all labs reports and tests that showed contaminants at and around the underground storage tank,

(j)     identification, present location, and records custodian of all lab reports for tests taken at and around the underground storage tank,

(k)     identification and present location of all maps upon which contamination from the underground storage tank is plotted,

(l)     identify all reports, records, correspondence, memos, notes, inquiries, photographs, and investigations of the underground storage tank.

(m)     State the name, present address, name of employer, and date(s) of inspection for each person and entity that inspected the underground storage tank area.

12.     State whether or not spillage, contamination, or pollution from the underground

7

storage tank at Pratt & Whitney at its Palm Beach County location was discussed at any meetings of UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney with managers, supervisors, employees, administrators, department heads, directors, or officers. If yes, state the date of each such meeting, identify the minutes and records of any such meeting, and provide the name and address of the custodian of such records.

13   For each inspection, investigation, and test of the soil, groundwater, fish and other wildlife undertaken in the area of the Corbett Wildlife Refuge located near UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney in Palm Beach County, Florida state the following:

(a)   describe the inspection, investigation, and test
(b)   location from which soil, water, fish and wildlife samples were taken (marked location on a map is sufficient if map area is described with particularity),
(c)   date samples taken,
(d)   results of samples, location of lab reports, and custodians of records and lab results,
(e)   state the greatest distance from the closest border of Pratt & Whitney that chemicals used at Pratt & Whitney were found in the Corbett Wildlife Refuge
(f)   identify the chemicals used at Pratt & Whitney which were found in the Corbett Wildlife Refuge
(g)   state the dates and concentrations of the chemicals found in the soils, water, fish and wildlife tested at the Corbett Wildlife Refuge,
(h)   Identify all labs reports and tests that showed contaminants at Corbett Wildlife Refuge,
(j)   identification, present location, and records custodian of all lab reports for tests taken at Corbett Wildlife Refuge,
(k)   identification and present location of all maps upon which contamination in the Corbett Wildlife Refuge is plotted,
(l)   identify all reports, records, correspondence, memos, notes, inquiries, photographs, and investigations of contamination in the Corbett Wildlife Refuge.
(m)   State the name, present address, name of employer, and date(s) of inspection for each person and entity that inspected the Corbett Wildlife Refuge.

14.   State whether or not spillage, contamination, or pollution of the Corbett Wildlife Refuge was discussed at any meetings of UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney with managers, supervisors, employees, administrators, department heads, directors, or officers.  If yes, state the date of each such meeting, identify the minutes and

records of any such meeting, and provide the name and address of the custodian of such records.

15. For each person known or believed by Defendant to have knowledge of relevant facts concerning the plaintiffs' claims set forth in their Complaint state the following:

(a). name;

(b). business address and telephone number;

(c). residence address and telephone number;

(d). position, title, and name of employer; and

(e). the subject matter upon which the witness has such knowledge.

16. Identify each board member, officer, director, supervisor, manager, and person employed by UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney whose duties included reviewing chemical spills or contamination, state the following:

(a). name, address, and telephone number;

(b). title, position, and job description;

(c). the time interval by date and year during which he or she was responsible for conducting such reviews;

(d). a description of all duties such person had with respect to a claim, report, or complaint made of chemical spills or contamination.

17.     With regard to each policy of insurance, excess policy, umbrella policy, insuring agreement, and indemnification agreement which may provide coverage for the claims made against UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney in this lawsuit, state the following:

(a).     the name and address of the insurer or indemnifier;

(b).     the policy or agreement number;

(c).     the limits of coverage;

(d).     whether said policy or agreement provides cost of defense, and if so, whether the cost of defense is additional or included within the policy limits;

(e).     the amount of each claim, other than the instant lawsuit, that is pending against each of such policies;

(f).     whether the insurer or indemnifier has reserved a right to deny coverage on the claims made in this lawsuit, and the reason(s) given for such reservation; and

(g).     the named insured and all additional insureds.

18.     State the full names and addresses as well as the position with or relationship to UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney of all of its employees who compiled information for use in or contributed answers to these interrogatories and identify which interrogatories each such individual provided information with respect to.

19.    Describe all remediation measures that UNITED TECHNOLOGIES CORPORATION and Pratt & Whitney has undertaken with respect to its chemical spills and state the following:

(a).    name, address, employer, and position of person making such remediation;

(b).    time and date of each remediation;

(c).    title, position, employer, and job description of person who wrote the check or made the payment for such remediation;

(d).    title, position, employer, and job description of person who authorized the payment for such remediation;, and

(e).    title, position, employer, and job description of all persons and employees and Officers of other Defendant corporations who authorized or approved such remediation.

11

IN AND FOR THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502010 CA 016145XXXXMB


MAGALY PINARES AND MARCOS PINARES,

Plaintiffs,

Vs.

UNITED TECHNOLOGIES CORPORATION,

D/b/a PRATT & WHITNEY,


Defendant.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

TO:     Defendant , UNITED TECHNOLOGIES CORPORATION

c/o

Gunster Yoakley & Stewart P A

Gregor J Schwinghammer, Jr.

Fla. Bar No. 90158

777 S Flagler Dr Ste 500 EAST

West Palm Beach, Florida 33401-6161

561.6500595

1

(fax) 561.6555677

In accordance with Florida Rules of Civil Procedure, Plaintiffs submit this First Request for Production to Defendant. The Defendant herein shall serve the requested documents and written responses, if any, within thirty (30) days. The Plaintiffs further state that they may object to documents or information which is available at the time response is initially made but not produced. All documents shall be identified with the individual request to which it is being produced. Where a document is being produced in response to more than one request, each such request to which the document is being produced should be identified.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing discovery request has been served by facsimile and U.S. Mail this 19th day of July 2010, to Gregor J. Schwinghammer, Jr., Gunster Yoakley & Stewart P A, 777 S Flagler Dr Ste 500 EAST, West Palm Beach, Florida 33401-6161

CRZ/lf

CRAIG R. ZOBEL, P.A.
Post Office Box 3151
West Palm Beach, FL 33402
Phone: (561) 277-1819
Fax: (561) 630-9666

Craig R. Zobel, Esquire
Florida Bar No. 56080
Counsel for Plaintiffs

SCHLESINGER LAW OFFICES, P.A.
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316

2

Phone: (954) 467-8800
Fax: (954) 523-4803
Scott P. Schlesinger, Esq.
Florida Bar No. 444952
Co-Counsel for Plaintiffs

## REQUESTS FOR PRODUCTION

1.  ALL service contracts, agreements, work orders, records, reports, notes, memoranda, correspondence, test results, bills, cancelled checks, receipts, and written communications concerning leaks, spills, or contamination of the soil or groundwater at the solvent still located at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

2.  ALL service contracts, agreements, work orders, records, reports, notes, memoranda, correspondence, test results, bills, cancelled checks, receipts, and written communications concerning leaks, spills, or contamination of the soil or groundwater at underground storage tanks located at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

3.  The 1985 Consent Decree with all attachments entered by UNITED TECHNOLOGIES CORPOATION with the Florida EPA and Florida Department of Health.

4.  ALL bills, cancelled checks, receipts and other evidence of payment made to environmental contractors, engineers, and others in connection with the preparation of remediation plans or proposals related to the pollution and contamination referred to in the 1985 consent decree entered by Defendant with the Florida EPA and Florida Department of Health.

3

5.      ALL contracts, agreements, work orders, records, reports, maps, diagrams, photographs, videos, aerial photographs, notes, memoranda, correspondence, lab reports, tests, and documents concerning the investigation of spills, contamination, pollution, testing of water quality, soil quality, groundwater contamination, surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

6.      ALL contracts, agreements, work orders, records, reports, maps, diagrams, photographs, videos, aerial photographs, notes, memoranda, correspondence, lab reports, tests, and documents concerning the investigation of spills, contamination, pollution, testing of water quality, soil quality, groundwater contamination, surface water contamination at the Corbett Wildlife Refuge adjacent to UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

7.      ALL contracts, agreements, work orders, records, reports, notes, memoranda, correspondence, reports, tests, concerning remediation work performed at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida at any time between January 1, 1979 and the present.

8.      All correspondence, memoranda, writings, internal memos, and communications concerning repair, replacement, relocation, or leaking of underground storage tanks at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

4

9.  All correspondence, memoranda, writings, internal memos, and communications concerning repair, replacement, relocation, or leaking of the solvent still at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

10. All correspondence, memoranda, writings, internal memos, and communications between Defendant and the Florida Department of Health concerning UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

11. All correspondence, memoranda, writings, internal memos, and communications between Defendant and the Florida EPA concerning UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

12. All correspondence, memoranda, writings, internal memos, and communications between Defendant and the US EPA concerning UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

13. All documents and internal memos relating to the solvent still located on UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

14. All blueprints, design drawings and specifications for the solvent still located on UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

15.          All documents, models, blueprints, drawings, specifications, photographs, aerial photographs, and diagrams which show the locations of the solvent still, underground storage tanks, holding ponds, deep injection well, monitoring wells, pits, dump sites, landfills, and burn sites at and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

16.          All documents, notes, letters, memos, minutes, records of meetings, and internal memos that indicate or mention water quality, soil quality, groundwater contamination, or surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

17.          All documents, notes, records, and reports of or concerning persons, employees, unions, or businesses that have complained or expressed concern of well water contamination or water quality, at the UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

18.          All written communications to or from any agents or attorneys for any governmental agency of the State of Florida that in any way refers to or concerns this lawsuit.

19.          All documents concerning or reflecting publicizing or publishing the 1985 Consent Decree that Defendant entered with governmental entities in Florida concerning water quality, soil quality, groundwater contamination, and surface water contamination, water quality, soil quality, groundwater contamination, or surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida

20.     All studies, reports, records, tests, lab results, proposals, and recommendations concerning surface or groundwater contamination, soil contamination, and spills at the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is physically located in Palm Beach County, Florida.

21.     All documents, models, reports, and maps depicting or discussing chemical or contaminant plumes at or around the land where UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney is physically located in Palm Beach County, Florida...

22.     All insurance policies that may be called upon to pay part or all of any judgment that may be rendered against Defendant as a result of this lawsuit and all communications and reservation of rights letters from insurers that coverage may be denied or withheld.

23.     A true and correct copy of Defendant's Annual Reports for the years 1979 to the present.

24.     All minutes, notes, memoranda, handouts, records, and agendas of meetings of UNITED TECHNOLOGIES CORPORATION or Pratt & Whitney with managers, supervisors, employees, administrators, department heads, directors, or officers where spills, leaks, contamination of groundwater, surface water, or soils on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida, was discussed.

25.     All agreements in which a person or business entity has agreed to pay or has paid all or a portion of any remediation or cleanup for spills, leaks, contamination of groundwater, surface water, or soils on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

26.     All insurance agreements and re-insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or reimburse for payments made to satisfy any judgment rendered against you in this action.

27.     All indemnification agreements, reimbursements agreements, or hold harmless agreements between Defendant and any other business or entity which may or might otherwise have been liable to Defendant or might be or have otherwise been required to satisfy in part or reimburse Defendant for payments made to satisfy any settlement or judgment rendered in this case.

28.     All financial statements and income tax returns with attachments filed by Defendant for the years 1979 through the present.

29.     All minutes, notes, memoranda, generated at or as a result of any meeting wherein air quality, water quality, soil quality, groundwater contamination, and surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida were discussed at any time from January 1, 1979 to the present.

8

30.     All written protocols and document retention policies for records concerning water quality, soil quality, groundwater contamination, and surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida in effect at any time.

31.     All occurrence and incident reports concerning spills, water quality, soil quality, groundwater contamination, and surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

32.     Copies of all files concerning water quality, soil quality, groundwater contamination, and surface water contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida.

33.     All memoranda, reports, and other documents received by or generated by Defendant's Quality Control, Risk Management, or other Department having responsibilities for chemical spills or contamination on and around UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida from January 1, 1979 to the present.

34.     All documents associated with the handling of toxic chemicals which Defendant distributed to its employees at UNITED TECHNOLOGIES CORPOATION and PRATT & WHITNEY's property in Palm Beach County, Florida in effect at anytime between January 1, 1979 and the present.

9