**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 10-80883-CIV-MARRA
Consolidated Case: Lead Action

MAGALY PINARES, et al.,
      Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

RICHARD COTROMANO et al.,       Case No. 13-80929-CIV-MARRA
      Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

KRISTINA MARIE DECARLO       Case No. 13-80930-Civ-Marra
      Plaintiff,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

JESSICA NEWFIELD,       Case No. 13-80931-Civ-Marra
      Plaintiff,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

GREGORY DUNSFORD ET AL.,        Case No. 13-80932-Civ-Marra
      Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/
STEVEN THIBODEAU, ET AL.,        Case No. 13-81019-Civ-Marra
      Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/
THOMAS CIFRODELLA,        Case No. 13-81044-Civ-Marra
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/
CAROLINA GUARIN,        Case No. 13-81045-Civ-Marra
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/
IDA LOZADA,        Case No. 13-81136-Civ-Marra
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

FEDRA MORENO FLOREZ, Personal     Case No. 13-81179-Civ-Marra
Representative of the Estate of Alex Florez,
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

YVETTE PEART ET AL.,     Case No. 13-81180-Civ-Marra
      Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION,
Pratt & Whitney Group, a Connecticut
Corporation,
      Defendant.
_____/

PATRICIA STOICA,     Case No. 13-81313-Civ-Marra
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION,
Pratt & Whitney Group, a Connecticut
Corporation,
      Defendant.
_____/

RONALD G. WISE, ET AL.,     Case No. 14-80655-Civ-Marra
      Plaintiffs,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION,
Pratt & Whitney Group, a Connecticut
Corporation,
      Defendant.
_____/

JOYCE FEATHERSTON, Personal                    Case No. 17-80545-Civ-Marra
Representative of the Estate of Joseph Michael
Baratta, decedent,
      Plaintiff,
vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group, a
Connecticut Corporation,
      Defendant.
_____/

## DEFENDANT PRATT & WHITNEY'S MOTION FOR SUMMARY JUDGMENT

## <u>TABLE OF CONTENTS</u>

BACKGROUND ............................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.   THIS COURT'S HOLDING IN *SANTIAGO*, AFFIRMED BY THE ELEVENTH
     CIRCUIT, MANDATES SUMMARY JUDGMENT AGAINST PLAINTIFFS
     BASED ON THE STATUTE OF LIMITATIONS ............................................ 3

II.  PLAINTIFFS' CLAIMS ARE PREEMPTED BY PAA OR PRATT &
     WHITNEY IS OTHERWISE ENTITLED TO JUDGMENT ............................ 5

     A.   The PAA preempts all state law claims for bodily injury arising from
          alleged nuclear incidents. ................................................................... 6

     B.   Plaintiffs' state common law claims are preempted by the PAA. .......... 7

     C.   Pratt & Whitney is entitled to judgment on Plaintiffs' § 376 claims. ..... 8

III. PLAINTIFFS' CLAIMS ARE TIME-BARRED ............................................ 12

     A.   Florida's statute of limitations applies to Plaintiffs' PAA claims. ........ 13

     B.   Plaintiffs' claims are time-barred under Florida law. ........................... 14

     C.   There are no exceptions that toll the statute of limitations for Plaintiffs'
          claims. ............................................................................................... 17

CONCLUSION ............................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acuna v. Brown & Root Inc.*,
   200 F.3d 335 (5th Cir. 2000) ................................................ 8

*Anderson v. Epstein*,
   202 So. 3d 893 (Fla. Dist. Ct. App. 2016) ............................... 13

*Bohrmann v. Maine Yankee Atomic Power Co.*,
   926 F. Supp. 211 (D. Me. 1996) .......................................... 11

*Burrows v. Waffle House, Inc.*,
   No. 99-7053-CIV, 2000 WL 35593211
   (S.D. Fla. Aug. 28, 2000)................................................... 2

*Cal. Fin., LLC v. Perdido Land Dev. Co.*,
   303 F. Supp. 3d 1306 (M.D. Fla. 2017)................................... 18

*Chapman v. Procter & Gamble Distrib. LLC*,
   766 F.3d 1296 (11th Cir. 2014) ......................................... 3, 9

*Clark v. Ashland Inc.*,
   No. 2:13–cv–794–FtM–29DNF, 2015 WL 1470657
   (M.D. Fla. Mar. 31, 2015).................................................. 18

*Corcoran v. N.Y. Power Auth.*,
   202 F.3d 530 (2d Cir. 1999) ...................................... 10, 12, 19

*Cotromano v. United Techs. Corp.*,
   7 F. Supp. 3d 1253 (S.D. Fla. 2014) ...................................... 7

*D.H. v. Adept Cmty. Servs., Inc.*,
   217 So. 3d 1072 (Fla. Dist. Ct. App. 2017) .............................. 13

*Davis v. Monahan*,
   832 So. 2d 708 (Fla. 2002) ................................................ 17

*Elkins v. R.J. Reynolds Tobacco Co.*,
   65 F. Supp. 3d 1333 (M.D. Fla. 2014).................................... 13

*Estate of Ware v. Hosp. of Univ. of Penn.*,
   871 F.3d 273 (3d Cir. 2017) ................................................ 8

*Fla. Dep't of Envtl. Prot. v. Fleet Credit Corp.*,
   691 So. 2d 512 (Fla. Dist. Ct. App. 1997)................................ 17

*Fla. Dep't of Envtl. Reg. v. CTL Distrib., Inc.*,
   715 So. 2d 262 (Fla. Dist. Ct. App. 1998) ............................................................. 17

*Gen. Dynamics Corp. v. Brottem*,
   53 So. 3d 334 (Fla. Dist. Ct. App. 2010) ......................................................... 13, 18

*Hudson v. Keene Corp.*,
   445 So. 2d 1151 (Fla. Dist. Ct. App. 1984) ......................................................... 13

*In re Cotter Corp., (N.S.L.)*,
   22 F.4th 788 (8th Cir. 2022) .................................................................................. 8

*Irizarry v. Orlando Utilities Comm'n*,
   Case No. 6:19-cv-268-Orl-37EJK, 2020 WL 3266215
   (M.D. Fla. Apr. 3, 2020) .......................................................................... 17, 18, 19

*Jeffery v. Sarasota White Sox, Inc.*,
   64 F.3d 590 (11th Cir. 1995) .................................................................................. 2

*Jerue v. Drummond Co.*,
   Case No: 8:17-cv-587-T-17AEP, 2017 WL 10876737
   (M.D. Fla. Aug. 17, 2017) ............................................................................... 13, 18

*Koller v. Pinnacle W. Capital Corp.*,
   No. CV–06–2031–PHX–FJM, 2007 WL 446357
   (D. Ariz. Feb. 6, 2007) ......................................................................................... 11

*Larson & Larson, P.A. v. TSE Indus., Inc.*,
   22 So. 3d 36 (Fla. 2009) ....................................................................................... 13

*Lawson v. Gen. Elec. Co.*,
   140 F. Supp. 3d 968 (N.D. Cal. 2015) .................................................................. 11

*Nieman v. NLO, Inc.*,
   108 F.3d 1546 (6th Cir. 1997) ................................................................................ 6

*O'Conner v. Commonwealth Edison Co.*,
   13 F.3d 1090 (7th Cir. 1994) ............................................................................ 6, 10

*O'Connor v. Boeing N. Am., Inc.*,
   Nos. CV 97–1554 DT (RCx) et al., 2005 WL 6035255
   (C.D. Cal. Aug. 18, 2005) .................................................................................... 11

*Pinares v. United Techs. Corp.*,
   973 F.3d 1254 (11th Cir. 2020) .................................................................... passim

*Raie v. Cheminova, Inc.*,
   336 F.3d 1278 (11th Cir. 2003) ........................................................................... 17

*Reyes v. Am. Sec. Ins. Co.*,
   Civil Action No. 16-23978-Civ-Scola,
   2017 WL 4225535 (S.D. Fla. Sept. 22, 2017) ................................................ 2

*Roberts v. Florida Power & Light Co.*,
   146 F.3d 1305 (11th Cir. 1998) ................................................ 5, 10, 19

*Ryman v. Regents of Univ. of Calif.*,
   No. 08-CV-372 WDS/RLP, 2008 WL 11411296
   (D.N.M. Oct. 27, 2008) ................................................ 11

*Small v. Amgen, Inc.*,
   723 F. App'x 722 (11th Cir. 2018) ................................................ 9

*Suarez v. City of Tampa*,
   987 So. 2d 681 (Fla. Dist. Ct. App. 2008) ................................................ 17

*Walker v. Darby*,
   911 F.2d 1573 (11th Cir. 1990) ................................................ 3

*Wilcox v. Homestake Mining Co.*,
   401 F. Supp. 2d 1196 (D.N.M. 2005) ................................................ 11

**Statutes**

42 U.S.C. § 2014 ................................................ passim

42 U.S.C. § 2210 ................................................ 19

Fla. Stat. § 95.031 ................................................ 13, 14

Fla. Stat. § 95.11 ................................................ 13, 14, 18

Fla. Stat. § 376.302 ................................................ 10

Fla. Stat. § 376.308 ................................................ 10

Fla. Stat. § 768.19 ................................................ 13

**Rules**

Fed. R. Civ. P. 56 ................................................ 2

Plaintiffs filed individual personal injury claims related to their respective cancer diagnoses. Their claims were part of a group of complaints filed against Pratt & Whitney following the Acreage cancer cluster investigation. The core allegation running through each Plaintiff's complaint is that their cancers were caused by exposure to radioactive materials that they allege originated from Pratt & Whitney's Palm Beach County facility. These are the same basic allegations that the Court evaluated in the *Santiago* case when it held that Ms. Santiago's claims were preempted by the Price-Anderson Act and time-barred under the applicable statute of limitations. Now that this Court's opinion in *Santiago* has been affirmed by the Eleventh Circuit, Pratt & Whitney moves for summary judgment against these thirteen additional Plaintiffs on the same ground. Each of their claims is preempted by the Price-Anderson Act and was filed more than four years after they were initially diagnosed with cancer. The Court should grant Pratt & Whitney summary judgment as to each of these cases.[1]

## BACKGROUND

Pratt & Whitney operates a facility in Palm Beach County, Florida. SUF ¶ 1. In August 2009, the Florida Department of Health initiated an investigation into an area of Palm Beach County called the "Acreage" after identifying an increased incidence of pediatric female brain cancers. SUF ¶ 2. The Acreage is separated from Pratt & Whitney's Palm Beach Facility by approximately 25 square miles of undeveloped land in the Corbett Wildlife Management Area. SUF ¶ 1. Each of the Plaintiffs claims to have resided in the "Acreage" for at least some period prior to their diagnosis with cancer. SUF ¶ 3. Following a year-long environmental investigation, the Florida Department of Environmental Protection (FDEP) concluded that there was "no indication" of "industrial or agricultural hazards" in the Acreage, the "Acreage is safe for

---

[1] There are thirteen cases at issue in this Motion including those of Thomas Cifrodella (13-CV-81044), Elizabeth Cotromano (13-80929-CIV), Kristina DeCarlo (13-80930-CIV), Garrett Dunsford (13-80932), Estate of Joseph Baratta (17-cv-80545), Estate of Alex Florez (13-CV-81179), Carolina Guarin (13-81045-CIV), Ida Lozada (13-CV-81136), Jessica Newfield (13-CV-80931), Rodeania Peart (13-CV-81180), Patricia Stoica (13-CV-81313), Steven Thibodeau (13-CV-81019), and Ronald Wise (14-CV-80655). (identifying affirmative defenses). Pratt & Whitney has asserted a statute of limitations defense against each of them. *See* SUF ¶ 63 (citing DE 420 (Cifrodella Answer filed in Lead Action 10-CV-80883) Aff. Def. 31; DE 422 (Cotromano Answer filed in Lead Action 10-CV-80883) Aff. Def. 29; DE 412 (DeCarlo Answer filed in Lead Action 10-CV-80883) Aff. Def. 31; DE 413 (Dunsford Answer filed in Lead Action 10-CV-80883) Aff. Def. 29; DE 414 (Featherston Answer filed in Lead Action 10-CV-80883) Aff. Def. 31; DE 418 (Florez Answer filed in Lead Action 10-CV-80883) Aff. Def. 32; DE 419 (Guarin Answer filed in Lead Action 10-CV-80883) Aff. Def. 32; DE 415 (Lozada Answer filed in Lead Action 10-CV-80883) Aff. Def. 28; DE 421 (Newfield Answer filed in Lead Action 10-CV-80883) Aff. Def. 31; DE 416 (Peart Answer filed in Lead Action 10-CV-80883) Aff. Def. 29; DE 85 (Stoica Answer filed in 13-CV-81313) Aff. Def. 3; DE 417 (Thibodeau Answer filed in Lead Action 10-CV-80883) Aff. Def. 33; DE 46 (Wise Answer filed in 14-CV-80655) Aff. Def. 3).

families to enjoy outside activities in their yards," and the levels of radiation detected in testing were comparable to general background conditions in Florida. SUF ¶ 2.

Plaintiffs each filed a personal injury lawsuit against Pratt & Whitney premised on the allegation that Pratt & Whitney caused their cancers by allegedly releasing radioactive materials into the environment. SUF ¶ 3.

In July 2016, Plaintiffs' claims were consolidated for purposes of pre-trial discovery, including general causation expert discovery. SUF ¶ 5. The deadline for submitting general causation medical expert reports passed in December 2017. SUF ¶ 6. The only general causation medical experts disclosed by Plaintiffs were Dr. Arie Perry and Dr. William Sawyer, both of whom focused exclusively on the alleged association between radioactive materials and brain cancer. SUF ¶ 6. Plaintiffs did not disclose a general causation medical expert substantiating an association between any *non*-radioactive contaminant and their cancers. SUF ¶ 7.

Cynthia Santiago's case was the first case set for trial. SUF ¶ 8. The Court entered summary judgment in favor of Pratt & Whitney, finding that her claims were preempted by the Price-Anderson Act and time-barred under Florida law. DE 407 (Lead Action 10-cv-80883). Each of the Plaintiffs sought to have their cases stayed pending appeal of the Court's decision in *Santiago*. DE 436 (Lead Action 10-cv-80883). The Eleventh Circuit affirmed the Court's decision. *See Pinares v. United Techs. Corp.*, 973 F.3d 1254 (11th Cir. 2020).

Pratt & Whitney recently moved to lift the stay in Plaintiffs' cases. DE 531 (Lead Action 10-cv-80883). In lifting the stay, the Court invited Pratt & Whitney to file a summary judgment motion in any case in which it has asserted a statute of limitations defense, without prejudice to filing additional motions at a later time if necessary. DE 538 (Lead Action 10-cv-80883).[2]

## ARGUMENT

Summary judgment should be granted where the moving party demonstrates that there is no genuine issue of material fact for trial. Fed. R. Civ. P. 56; DE 407 (Lead Action 10-cv-80883) at 3. Pratt & Whitney is entitled to summary judgment unless Plaintiffs identify "specific facts showing that there is a genuine issue for trial." *Reyes v. Am. Sec. Ins. Co.*, Civil Action No. 16-

---

[2] Based on the Court's Order, Pratt & Whitney expressly reserves the right to move for summary judgment on additional grounds in the event that its Motion is denied with respect to any of the cases at issue including, but not limited to, the absence of any factual or scientific basis for the transport of radionuclides to the Acreage or medical causation of any cancer.

23978-Civ-Scola, 2017 WL 4225535, at *2 (S.D. Fla. Sept. 22, 2017); *see also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995).

As the non-moving party that bears the burden of proof at trial, Plaintiffs cannot survive summary judgment by citing "conclusory assertions" from their complaints. *Reyes*, 2017 WL 4225535, at *2; *Burrows v. Waffle House, Inc.*, No. 99-7053-CIV, 2000 WL 35593211, at *3 (S.D. Fla. Aug. 28, 2000) (noting how "[t]he plaintiff must present the court with more than mere suspicions") (internal citations omitted). Plaintiffs must present "affirmative evidence to support [their] claim[s]." DE 407 (Lead Action 10-cv-80883) at 4. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id*. (quoting *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990)). Moreover, for matters pertaining to medical or toxic-exposure causation, a court should grant summary judgment where a plaintiff fails to present *Daubert*-qualified expert testimony as to general and specific causation. *Chapman v. Procter & Gamble Distrib. LLC*, 766 F.3d 1296, 1316 (11th Cir. 2014).

The central questions at issue in Pratt & Whitney's motion revolve around the application of the statute of limitations to Plaintiffs' claims. These questions do not turn on discovery from Pratt & Whitney or any third party. Instead, these questions are dispositively resolved by the admissions stated on the face of each individual Plaintiff's complaint as to the date of their respective diagnosis with cancer and the date on which they initially filed their claim. Having staked their claims on the allegation that their cancers were caused by exposure to radioactive materials (and failing to provide any expert support for a non-radiological theory of causation), Plaintiffs cannot avoid Price-Anderson Act preemption and the application of Florida's 4-year statute of limitations to their claims. Because all Plaintiffs at issue in this motion filed their initial complaint more than four years after their diagnosis with cancer, their claims are time-barred.

**I.     THIS COURT'S HOLDING IN *SANTIAGO*, AFFIRMED BY THE ELEVENTH CIRCUIT, MANDATES SUMMARY JUDGMENT AGAINST PLAINTIFFS BASED ON THE STATUTE OF LIMITATIONS**

Plaintiffs' claims are among a group of personal injury cases filed against Pratt & Whitney in the wake of the Acreage cancer cluster investigation. Each Plaintiff makes substantively identical allegations asserting that their cancers were the result of exposure to radioactive materials purportedly released by Pratt & Whitney into the environment. For more than a half-decade, these Plaintiffs' cases have been consolidated and proceeded through this

litigation as a group. SUF ¶ 5. They rely on common discovery, use the same general experts, and are represented by the same counsel. *See* DE 237 (Lead Action 10-cv-80883).

Pursuant to this Court's Scheduling Order, Cynthia Santiago's case was the first of the consolidated group set for trial. DE 237 (Lead Action 10-cv-80883) at 1. Among other grounds, Pratt & Whitney moved for summary judgment on the basis that Ms. Santiago's claims were preempted by the Price-Anderson Act ("PAA") and, therefore, barred by the statute of limitations. DE 328 (Lead Action 10-cv-80883) at 9-10. Searcy Denney—the common counsel representing all the Plaintiffs addressed in this motion—opposed Pratt & Whitney's motion. DE 345 (Lead Action 10-cv-80883) at 28. The Court granted Pratt & Whitney's motion, concluding that (1) Ms. Santiago's claims were preempted by the PAA, DE 407 (Lead Action 10-cv-80883) at 7; (2) the PAA adopted Florida's 4-year statute of limitations period, *id.* at 6-7; (3) there were no applicable exceptions under Florida law to toll the statute of limitations on Ms. Santiago's claims, *id.* at 10-14; and (4) CERCLA's "federally required commencement date" did not apply to claims preempted by the PAA, *id.* at 7-8. Each of those holdings was necessary to the Court's order entering judgment against Ms. Santiago on her claims.

Following the Court's ruling in *Santiago*, each of these Plaintiffs sought to stay their individual cases pending appeal of that decision. DE 436 (Lead Action 10-cv-80883). Represented by the same counsel as Ms. Santiago, Plaintiffs argued that the "purely legal determinations" in the Court's *Santiago* opinion "regarding preemption and statutes of limitations" would impact resolution of their cases. *Id*. at 1-2. The Court granted Plaintiffs' requested stay over the objections of Pratt & Whitney, concluding that "appeal of the PAA issue will impact the future handling of all the cases." DE 453 (Lead Action 10-cv-80883) at 5.

The Eleventh Circuit affirmed this Court's decision in *Santiago* across the board. *See Pinares*, 973 F.3d 1254. The Eleventh Circuit addressed and affirmed this Court's analysis, a necessary part of which is that Plaintiffs' claims were preempted by the Price-Anderson Act and time-barred by the statute of limitations. *Id*. at 1261 (conclusion that the PAA preempts and governs all of Plaintiffs' claims "brings us to the end of our analysis: the Santiagos' claims are time barred"). Although Ms. Santiago's counsel had argued numerous exceptions under Florida law that she claimed tolled the statute of limitations before this Court, Plaintiffs' counsel made the decision not to make any substantive arguments on appeal that challenged this Court's order rejecting applicability of those exceptions. *See id*. at 1259 (observing that the Santiagos "point us

4

to no Florida law that tolls the statute of limitations"). As such, this Court's order in *Santiago* remains the definitive word—effectively law of the case—on the applicability of tolling exceptions in these cases. *See* DE 407 (Lead Action 10-cv-80883) at 10-14 (holding that the "delayed discovery" doctrine, equitable tolling, equitable estoppel, continuing tort doctrine, and Florida Statute § 95.11(10) did not act to toll the statute of limitations on Ms. Santiago's claims).

The decisions of this Court and the Eleventh Circuit dispose of these Plaintiffs' claims. There are no relevant factual differences underlying these Plaintiffs' claims that would allow them to avoid the application of the statute of limitations. Likewise, there has been no intervening change in law that would alter the conclusions reached by either this Court or the Eleventh Circuit. Each of these Plaintiffs' claims is preempted by the PAA and subject to Florida's 4-year statute of limitations. Because they each filed their claims more than four years after their initial diagnosis, their claims are time-barred under Florida law and Pratt & Whitney is entitled to summary judgment. SUF ¶¶ 13, 17, 21, 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 63.

## II.   PLAINTIFFS' CLAIMS ARE PREEMPTED BY PAA OR PRATT & WHITNEY IS OTHERWISE ENTITLED TO JUDGMENT

The core of each Plaintiff's complaint is the same. They assert that Pratt & Whitney caused them to develop brain cancer because of exposure to contaminants released into the environment. From these allegations, Plaintiffs assert three types of claims against Pratt & Whitney—PAA claims, state common law claims for negligence and trespass, and statutory claims under Florida Statute § 376. Only Plaintiffs' PAA claims survive.

*First*, Plaintiffs' common law claims for negligence and trespass are preempted. Both sets of claims are premised on the allegation that Pratt & Whitney caused their cancers by releasing radioactive materials into the environment. As such, these claims are preempted by the PAA because they seek recovery for an alleged "nuclear incident" as defined under the Act. *See* DE 407 (Lead Action 10-cv-80883) at 7.

*Second*, Pratt & Whitney is entitled to judgment against Plaintiffs on their statutory § 376 claims. These claims are expressly limited to seeking recovery under an alternative causation theory that is *not* tied to radioactive materials. Plaintiffs have failed to put forward general causation evidence to support such a theory, despite the expert deadline passing well over five years ago. Pratt & Whitney is, therefore, entitled to summary judgment on Plaintiffs' § 376 claims. Even if Plaintiffs' § 376 claims were interpreted to encompass a claim that exposure to

radioactive materials caused their cancers, Pratt & Whitney would still be entitled to dismissal of those claims because § 376 is preempted by, and fundamentally inconsistent with, the PAA.

### A. The PAA preempts all state law claims for bodily injury arising from alleged nuclear incidents.

The PAA creates "an exclusive federal cause of action for radiation injury." *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1306 (11th Cir. 1998); *see also Pinares*, 973 F.3d at 1262 ("Congress directed that all public liability actions must be brought only under federal law."). Specifically, the PAA preempts any state law claim which is a "public liability action," defined as "any legal liability arising out of or resulting from a nuclear incident." 42 U.S.C. § 2014(w). In turn, a nuclear incident is "any occurrence causing 'bodily injury' by, among other things, nuclear 'source' material, which includes thorium." DE 407 (Lead Action 10-cv-80883) at 7. An allegation that a plaintiff suffered bodily injury (such as cancer) based on exposure to radioactive materials falls squarely within the scope of PAA preemption.

The preemptive mandate of the PAA is broad. PAA preempts "<u>any</u> suit asserting public liability," which encompasses "<u>any</u> legal liability arising out of or resulting from a nuclear incident." *See* 42 U.S.C. §§ 2014(w), (hh) (emphases added); *Pinares*, 973 F.3d at 1262. PAA preemption applies regardless of how a plaintiff styles their claim. Claims to recover for a nuclear incident are compensable under the PAA or not at all. *Pinares*, 973 F.3d at 1261 (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1553 (6th Cir. 1997) and *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1099 (7th Cir. 1994)). As explained by the Eleventh Circuit, the broad preemptive scope of the PAA serves Congress' overarching goal to "create a federal 'monopoly' in the arena of nuclear energy." *Pinares*, 973 F.3d at 1263. "It is beyond dispute that Congress intended for the federal government, and not the states, to have control over issues of nuclear injury." *Id*.

### B.    Plaintiffs' state common law claims are preempted by the PAA.

Plaintiffs each assert various state common law claims against Pratt & Whitney. These claims include traditional negligence,[3] trespass,[4] wrongful death,[5] and loss of consortium claims.[6] Each of these claims turns on the same basic set of allegations: that Pratt & Whitney mishandled radioactive materials on its West Palm Beach facility that were somehow transported to the Acreage and therein caused each Plaintiff to develop brain cancer. "Given that Plaintiffs allege bodily injury from source material, their state law claims are preempted by federal law." DE 407 (Lead Action 10-cv-80883) at 7.

Plaintiffs implicitly acknowledge that their claims are preempted under the PAA by asserting claims under the Act itself. Plaintiffs' PAA claims—based on the same facts and circumstances as their common law claims—demonstrate that their allegations of personal injury resulting from alleged exposure to radioactive materials fall within the ambit of, and therefore the preemptive scope of, that statute.[7] Plaintiffs' only surviving claims are federal PAA claims. *Pinares*, 973 F.3d at 1261.

Plaintiffs frequently try to obscure the full preemptive force of the PAA by suggesting that the effect of the Act is to create "a hybrid federal cause of action" that is premised on state law. DE 534 (Lead Action 10-cv-80883) at 4. The Eleventh Circuit expressly rejected that characterization of the PAA. *See Pinares*, 973 F.3d at 1262 ("The text and structure of the PAA

---

[3] SUF ¶ 14 (Cifrodella (13-CV-81044)); SUF ¶ 18(Cotromano (13-80929-CIV)); SUF ¶ 22 (DeCarlo (13-80930-CIV)); SUF ¶ 26 (Dunsford (13-80932)); SUF ¶ 30 (Featherston (17-cv-80545)); SUF ¶ 34 (Florez (13-CV-81179)); SUF ¶ 38 (Guarin (13-81045-CIV)); SUF ¶ 42 (Lozada (13-CV-81136)); SUF ¶ 46 (Newfield (13-CV-80931)); SUF ¶ 50 (Peart (13-CV-81180)); SUF ¶ 54 (Stoica (13-CV-81313)); SUF ¶ 58 (Thibodeau (13-CV-81019)); and SUF ¶ 62 (Wise (14-CV-80655)).

[4] SUF ¶ 14 (Cifrodella (13-CV-81044)); SUF ¶ 18 (Cotromano (13-80929-CIV)); SUF ¶ 22 (DeCarlo (13-80930-CIV)); SUF ¶ 26 (Dunsford (13-80932)); SUF ¶ 30 (Featherston (17-cv-80545)); SUF ¶ 38 (Guarin (13-81045-CIV)); SUF ¶ 42 (Lozada (13-CV-81136)); SUF ¶ 46 (Newfield (13-CV-80931)); SUF ¶ 50 (Peart (13-CV-81180)); SUF ¶ 54 (Stoica (13-CV-81313)); SUF ¶ 58 (Thibodeau (13-CV-81019)); and SUF ¶ 62 (Wise (14-CV-80655)).

[5] SUF ¶ 30 (Featherston (17-cv-80545)) and SUF ¶ 34 (Florez (13-CV-81179)).

[6] SUF ¶ 42 (Lozada (13-CV-81136)) and SUF ¶ 62 (Wise (14-CV-80655)).

[7] *See* SUF ¶ 14 (Cifrodella (13-CV-81044)); SUF ¶ 18 (Cotromano (13-80929-CIV)); SUF ¶ 22 (DeCarlo (13-80930-CIV)); SUF ¶ 26 (Dunsford (13-80932)); SUF ¶ 30 (Featherston (17-cv-80545)); SUF ¶ 34 (Florez (13-CV-81179)); SUF ¶ 38 (Guarin (13-81045-CIV)); SUF ¶ 42 (Lozada (13-CV-81136)); SUF ¶ 46 (Newfield (13-CV-80931)); SUF ¶ 50 (Peart (13-CV-81180)); SUF ¶ 54 (Stoica (13-CV-81313)); SUF ¶ 58 (Thibodeau (13-CV-81019)); and SUF ¶ 62 (Wise (14-CV-80655)).

undercuts the Santiagos' argument that they might simultaneously bring their claims under both federal and state law."). While the PAA may incorporate elements of state law to the extent they are consistent with the provisions of the Act, *see* 42 U.S.C. § 2014(hh), "Congress directed that all public liability actions must be brought only under federal law," *Pinares*, 973 F.3d at 1262.

Pratt & Whitney anticipates that Plaintiffs will recycle their arguments that PAA preemption does not apply to their claims because they allege Pratt & Whitney was not licensed to use the radioactive materials in question and did not have an indemnification agreement with the federal government. *See* DE 436 (Lead Action 10-cv-80883) at 4. Notwithstanding the undisputed record evidence contradicting Plaintiffs' allegations about licensure, the Court has already rejected the argument that PAA preemption is conditioned on licensure or indemnification. *See* DE 407 (Lead Action 10-cv-80883) at 10 n.5. This Court's opinion is consistent with the weight of authority. *See Cotromano v. United Techs. Corp.*, 7 F. Supp. 3d 1253, 1257, 1259 (S.D. Fla. 2014) (rejecting plaintiffs' position that PAA preemption is conditioned on either licensure or indemnification); *see also Estate of Ware v. Hosp. of Univ. of Penn.*, 871 F.3d 273, 283 (3d Cir. 2017) ("We are unpersuaded that an indemnification agreement is necessary to trigger the Act's applicability."); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("There is nothing in the definition of 'nuclear incidence' which suggests it should be contingent on whether… the facility is covered under the separate indemnification portions of the Act."). Indeed, in the related *Cotromano* property cases, Plaintiffs' counsel expressly abandoned the argument that PAA preemption was conditioned on licensure or indemnification based on recent Eighth Circuit precedent to the contrary. DE 758 (13-cv-80928) at 2 (citing *In re Cotter Corp., (N.S.L.)*, 22 F.4th 788, 796 (8th Cir. 2022)).

PAA preempts any claim seeking recovery for a bodily injury allegedly caused by exposure to radioactive materials, like thorium. As such, Plaintiffs must bring their claims under the PAA or not at all.

### C.    Pratt & Whitney is entitled to judgment on Plaintiffs' § 376 claims.

In addition to state common law claims, most of the Plaintiffs have also asserted a statutory claim against Pratt & Whitney under Florida Statute § 376.[8] Unlike their state common

---

[8] SUF ¶ 14 (Cifrodella (13-CV-81044)); SUF ¶ 18 (Cotromano (13-80929-CIV)); SUF ¶ 22 (DeCarlo (13-80930-CIV)); SUF ¶ 26 (Dunsford (13-80932)); SUF ¶ 38 (Guarin (13-81045-CIV)); SUF ¶ 42 (Lozada (13-CV-81136)); SUF ¶ 46 (Newfield (13-CV-80931)); SUF ¶ 50 (Peart (13-CV-81180)); SUF ¶ 54 (Stoica (13-CV-81313)); SUF

law claims, Plaintiffs' § 376 claims expressly *exclude* any theory of liability stemming from radioactive materials, like thorium. Each Plaintiff makes that limitation express in their operative complaint by including the following: "Pursuant to F.S. § 376.313, Pratt [&] Whitney and Palm Beach Aggregates are strictly and jointly liable for any and all damages emanating from the effluences described in incorporated above to the extent they ***include materials not defined*** as either source [or] by-product materials under 42 U.S.C. [§] 2014."[9] (emphasis added). Put simply, Plaintiffs' § 376 claims are pleaded as an *alternative* to their operative theory that their cancers were caused by exposure to radioactive materials purportedly emanating from Pratt & Whitney's facility.

With that core limitation, Pratt & Whitney is entitled to summary judgment on Plaintiffs' § 376 claims because there is no evidence—or even suggestion—that any of their brain cancers are attributable to non-radioactive materials. To avoid summary judgment in a toxic tort case, Eleventh Circuit law requires plaintiffs to put forward expert evidence on general and specific causation. *Chapman*, 766 F.3d at 1316 (Plaintiffs "were *required* to have *Daubert*-qualified, general and specific-causation-expert testimony that would be admissible at trial to avoid summary judgment."); *see also Small v. Amgen, Inc*., 723 F. App'x 722, 726 (11th Cir. 2018). Per the Court's Scheduling Order in the consolidated cases, Plaintiffs' general cause expert reports were due in December 2017. DE 258 (Lead Action 10-cv-80883) at 2. Plaintiffs disclosed medical causation opinions from Dr. Arie Perry and Dr. William Sawyer. SUF ¶ 6. While their opinions are inadmissible and unavailing for other reasons not at issue in this motion, both experts focused *exclusively* on the purported link between ionizing radiation and brain cancer— saying *nothing* about *non*-radioactive materials. SUF ¶¶ 6, 7. Even though the expert discovery deadline has long-since expired, Plaintiffs never submitted an expert opinion associating brain cancer with any of the non-radioactive materials upon which their § 376 claims are expressly and exclusively based. SUF ¶ 7. Pratt & Whitney is entitled to summary judgment on Plaintiffs'

---

¶ 58 (Thibodeau (13-CV-81019)); and SUF ¶ 62 (Wise (14-CV-80655)). Notably the Featherston and Florez plaintiffs do not assert separate causes of action based on § 376. *See* SUF ¶ 30 (Featherston (17-cv-80545)); SUF ¶ 34 (Florez (13-CV-81179)).

[9] DE 47 (Cifrodella (13-CV-81044)) ¶ 224; DE 74 (Cotromano (13-80929-CIV)) ¶ 224; DE 71 (DeCarlo (13-80930-CIV)) ¶ 224; DE 68 (Dunsford (13-80932)) ¶ 224; DE 46 (Guarin (13-81045-CIV)) ¶ 224; DE 52 (Lozada (13-CV-81136)) ¶ 223; DE 62 (Newfield (13-CV-80931)) ¶ 224; DE 46 (Peart (13-CV-81180)) ¶ 222; DE 48 (Stoica (13-CV-81313)) ¶ 221; DE 53 (Thibodeau (13-CV-81019)) ¶ 224; and DE 1 (Wise (14-CV-80655)) ¶ 223.

statutory § 376 claims because Plaintiffs have a fundamental failure of proof linking non-radioactive contaminants to the injuries they alleged in this case.

While Plaintiffs' § 376 claims are limited to *non*-radioactive materials, Pratt & Whitney would still be entitled to summary judgment even if those claims are read to include a claim that Plaintiffs' injuries resulted from the discharge of radioactive materials. "[A]ny legal liability arising out of or resulting from a nuclear incident" is subject to preemption under the PAA. 42 U.S.C. § 2014(w). This rule applies with equal force to a statutory claim under § 376 as it does to Plaintiffs' common law claims for negligence and trespass. *Pinares*, 973 F.3d at 1262 (holding that the reference to "any legal liability" in 42 U.S.C. § 2014(w) means "all" legal liability). If Plaintiffs' § 376 claims are interpreted to cover their allegations that exposure to radioactive materials caused their brain cancers, then those claims are squarely preempted by the PAA.

Under those circumstances, PAA preemption would require the outright dismissal of Plaintiffs' statutory claims. Section 376 is a Florida statute imposing strict liability for certain environmental discharges. *See* Fla. Stat. § 376.302(1)(a). The statute provides that a defendant can be held liable for any damages resulting from a qualifying discharge without a plaintiff "plead[ing] or prov[ing] negligence in any form or matter." Fla. Stat. § 376.308(1). The goal of § 376 is to *expand* a defendant's potential liability by dramatically *reducing* a plaintiff's burden of proof in a claim related to a covered environmental discharge.

By contrast, the framework of the PAA was designed to *narrow* the scope of a defendant's potential liability for injuries caused by a nuclear incident. Since the mid-1940's, Congress has enacted a series of statutes aimed at encouraging the private sector to use radioactive materials and develop a corresponding expertise. *See Roberts*, 146 F.3d at 1306. PAA was enacted as part of that effort to "encourage the development of the atomic energy industry while protecting the public from injuries caused by nuclear incidents." *Pinares*, 973 F.3d at 1259 (internal quotations omitted); *see also Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 537 (2d Cir. 1999) (explaining the PAA as a response to the fact that "[p]rivate power companies remained reluctant to invest in nuclear facilities because of the potentially astronomical liability costs"). In 1988, the PAA was amended to provide an exclusive federal cause of action for radiation injury. *Id*. In addition to granting federal jurisdiction over PAA claims, the amendments also provide a uniform federal standard of care for PAA claims. *Roberts*, 146 F.3d at 1308. A plaintiff must show they were exposed "to an amount of radiation in excess of the maximum

permissible amount allowed by federal regulation" to prevail on a PAA claim. *Id*. The PAA *increased* the plaintiff's burden of proof, thereby *narrowing* defendant's potential scope of liability for nuclear incidents. Section 376 and the PAA are diametrically opposed statutes—one is designed to expand liability and the other to narrow it.

While Courts typically allow state common law claims to proceed under the PAA subject to adopting the federal standard of care, that is *not* the case for strict liability claims like § 376. Under the PAA, state law rules of decision are only incorporated into a PAA claim to the extent they are consistent with the provisions and framework of the Act itself. 42 U.S.C. § 2014(hh); *see O'Conner*, 13 F.3d at 1100 ("Congress did not adopt in wholesale fashion state law. State law serves as the basis for the cause of action only as long as state law is consistent with the other parts of the [Price-Anderson] Act."). That is the problem with strict liability claims and the PAA: Courts routinely conclude that such claims, like those under § 376, are fundamentally at odds with the framework of the PAA precisely because the claims permit a finding of liability without fault. *See Wilcox v. Homestake Mining Co.*, 401 F. Supp. 2d 1196, 1200-01 (D.N.M. 2005) ("Contrary to an action for negligence, an action for absolute or strict liability acts in the opposite of a federal safety regulation."); *O'Connor v. Boeing N. Am., Inc.*, Nos. CV 97–1554 DT (RCx) et al., 2005 WL 6035255, at \*43 (C.D. Cal. Aug. 18, 2005) (concluding that strict liability claims have "no force" as applied to nuclear incidents because they are "inconsistent with [the] statutory and regulatory framework" set out in the PAA).

As such, courts dismiss strict liability claims *entirely* as preempted by, and inconsistent with, the PAA when plaintiffs rely on them to seek recovery for a nuclear incident. *See Wilcox*, 401 F. Supp. 2d at 1200-01; *O'Connor*, 2005 WL 6035255, at \*43; *Lawson v. Gen. Elec. Co.*, 140 F. Supp. 3d 968, 974 (N.D. Cal. 2015) (concluding that strict liability claims are entirely preempted, while allowing negligence claims to proceed); *Ryman v. Regents of Univ. of Calif.*, No. 08-CV-372 WDS/RLP, 2008 WL 11411296, at \*1 (D.N.M. Oct. 27, 2008) (dismissing two strict liability claims based on inconsistency with the PAA framework); *Koller v. Pinnacle W. Capital Corp.*, No. CV–06–2031–PHX–FJM, 2007 WL 446357, at \*3 (D. Ariz. Feb. 6, 2007) (allowing a state law negligence claim to proceed subject to the PAA standard of care while dismissing plaintiff's strict liability claims entirely); *Bohrmann v. Maine Yankee Atomic Power Co.*, 926 F. Supp. 211, 221 (D. Me. 1996) (dismissing strict liability claim entirely as "inconsistent with the federal regulatory scheme").

The logic of courts dismissing strict liability claims based on PAA preemption is sound. Nevertheless, Plaintiffs will likely argue that their § 376 claims can survive by grafting a federal standard of care on to the statutory scheme. This argument ignores that grafting the federal standard of care onto § 376 effectively undermines the entire purpose of the strict liability statute—to impose liability on defendants without plaintiffs establishing a violation of the standard of care. This inescapable tension renders strict liability statutes "inconsistent" with the PAA and, therefore, unavailable to supply substantive rules of decision for PAA claims under the terms of the Act itself. *See* 42 U.S.C. § 2014(hh). Consonant with courts addressing this issue around the country, the Court should dismiss Plaintiffs' § 376 claims if they are interpreted to encompass their theory that radioactive materials contributed to cause their cancers.

In sum, Pratt & Whitney is entitled to judgment on Plaintiffs' § 376 claims on multiple, independent bases. As written, Plaintiffs' statutory claims only apply to *non*-radiological contaminants—a claim on which Plaintiffs fail to plead[10] and have a fundamental failure of proof as to causation. Even if Plaintiffs contend their § 376 claims apply to their prevailing theory that their cancers were caused by exposure to radioactive materials, PAA preemption requires the dismissal of those strict liability claims entirely.

## III.   PLAINTIFFS' CLAIMS ARE TIME-BARRED

Plaintiffs' only remaining claims are federal claims under the PAA. Consistent with this Court's now-affirmed decision in *Santiago*, Plaintiffs' PAA claims are subject to the 4-year statute of limitations provided under Florida law. Because the Plaintiffs at issue in this Motion filed their claims more than four years *after* their diagnosis with cancer, each of their claims is barred by the statute of limitations. Pratt & Whitney is therefore entitled to summary judgment against each of the Plaintiffs on their surviving claims.

---

[10] Notably, Plaintiffs expressly limit their § 376 claims to alleged exposure to non-radioactive material, but their only allegation of causation—including for their § 376 claims—specifically identified "ionizing radiation" as the cause of their cancer.  *See* DE 47 (Cifrodella (13-CV-81044)) ¶ 20; DE 74 (Cotromano (13-80929-CIV)) ¶ 20; DE 71 (DeCarlo (13-80930-CIV)) ¶ 16; DE 68 (Dunsford (13-80932)) ¶ 20; DE 46 (Guarin (13-81045-CIV)) ¶ 19; DE 52 (Lozada (13-CV-81136)) ¶ 20; DE 62 (Newfield (13-CV-80931)) ¶ 20; DE 46 (Peart (13-CV-81180)) ¶ 19; DE 48 (Stoica (13-CV-81313)) ¶ 15; DE 53 (Thibodeau (13-CV-81019)) ¶ 20; and DE 1 (Wise (14-CV-80655)) ¶ 2. Plaintiffs therefore have a fundamental failure even to *plead* causation on their § 376 claims that are based exclusively on alleged exposure to non-radioactive material.

### A.      Florida's statute of limitations applies to Plaintiffs' PAA claims.

Plaintiffs' PAA claims are subject to the Florida statute of limitations. There is no federally defined statute of limitations in the PAA for claims arising from nuclear incidents like those alleged by Plaintiffs. DE 407 (Lead Action 10-cv-80883) at 6; *Corcoran*, 202 F.3d at 543. Instead, under the PAA, "substantive rules for decision" are derived from the "law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions" of the PAA. 42 U.S.C. § 2014(hh). Courts therefore look to state law to define the applicable statute of limitations for PAA claims. *See* DE 407 (Lead Action 10-cv-80883) at 6; *Pinares*, 973 F.3d at 1259; *Corcoran*, 202 F.3d at 543. Because Plaintiffs each claim that their injuries occurred in Florida,[11] the Florida statute of limitations applies to their claims. *See, e.g.*, DE 407 (Lead Action 10-cv-80883) at 6; *Pinares*, 973 F.3d at 1259.

Plaintiffs' surviving PAA claims sound in negligence, trespass, and loss of consortium.[12] *See supra* Section II.B. Each of those claims is subject to a 4-year statute of limitations under Florida Statute § 95.11(3). *See* DE 407 (Lead Action 10-cv-80883) at 4 ("Under Florida law, claims for trespass, nuisance and negligence are subject to a four-year statute of limitations."); *Anderson v. Epstein*, 202 So. 3d 893, 899 n.2 (Fla. Dist. Ct. App. 2016); *Elkins v. R.J. Reynolds Tobacco Co.*, 65 F. Supp. 3d 1333, 1337 (M.D. Fla. 2014) ("When a loss of consortium claim is linked to such a personal injury claim, the limitations period on the consortium claim is four years as well.").[13]

---

[11] Plaintiffs each claim their injuries stemmed from alleged exposures to radioactive materials in the Acreage area of Palm Beach County, Florida. *See* SUF ¶ 3.

[12] Florez and Featherston both bring wrongful death claims. Under Florida law, a plaintiff can only maintain a wrongful death action if the decedent would have been entitled to "maintain an action and recover damages if death had not ensued." Fla. Stat. § 768.19. Put simply, if the decedent's personal injury claim would have been untimely under the applicable statute of limitations, then a wrongful death action is similarly barred. *Hudson v. Keene Corp.*, 445 So. 2d 1151 (Fla. Dist. Ct. App. 1984). The relevant question is whether the statute of limitations for the claims—negligence and trespass—underlying their wrongful death claims had expired by the time Florez and Featherston filed their respective complaints. They had.

[13] The Court does not need to evaluate the statute of limitations for Plaintiffs' § 376 claims because Pratt & Whitney is separately entitled to judgment on those claims as discussed above. *See supra* Section II.C. Regardless, the weight of authority suggests that Florida's 4-year statute of limitations also applies to those claims. *See* Fla. Stat. 95.11(3)(f) (applying a 4-year statute of limitations to "[a]n action founded on a statutory liability"); *Gen. Dynamics Corp. v. Brottem*, 53 So. 3d 334, 338 (Fla. Dist. Ct. App. 2010) (holding that traditional defenses, such as statute of limitations, apply to § 376 claims); *but see Jerue v. Drummond Co.*, Case No: 8:17-cv-587-T-17AEP, 2017 WL 10876737, at *5 (M.D. Fla. Aug. 17, 2017) (holding that statute of limitations is not available as a defense under § 376).

Under Florida law, the statute of limitations starts to run when a cause of action accrues. Florida Statute § 95.031(1) provides that a cause of action accrues "when the last element constituting the cause of action occurs." In personal injury cases, the general rule is that the cause of action accrues under Florida law "when the injury was first inflicted, and not from the time when the full extent of the damages sustained have been ascertained." *Larson & Larson, P.A. v. TSE Indus., Inc.*, 22 So. 3d 36, 42 (Fla. 2009). Put another way, "the last element constituting a cause of action for negligence is legally cognizable injury to the plaintiff." DE 407 (Lead Action 10-cv-80883) at 4 (quoting *D.H. v. Adept Cmty. Servs., Inc.*, 217 So. 3d 1072, 1078 (Fla. Dist. Ct. App. 2017)). The same rule applies to loss of consortium claims. *Elkins*, 65 F. Supp. 3d at 1337.

Plaintiffs each allege they developed brain cancer as the result of exposure to radioactive materials. As such, at the latest, Plaintiffs' claims accrued when they were first diagnosed with cancer, which is a legally cognizable injury. *Pinares*, 973 F.3d at 1259 ("As we've said, Florida law required Cynthia [Santiago] to file her lawsuit within four years of her cancer diagnosis."); DE 407 (Lead Action 10-cv-80883) at 4. Plaintiffs' claims are time-barred under Florida law if they were filed more than 4-years after their initial diagnosis with brain cancer.

### B.     Plaintiffs' claims are time-barred under Florida law.

Each of the thirteen individual Plaintiffs subject to this Motion filed their claims more than four years after they were initially diagnosed with cancer. As such, their claims are barred by the Florida statute of limitations. *See* Fla. Stat. §§ 95.031(1), 95.11(3)(a), (f).

**Cifrodella**. Mr. Cifrodella alleges that he developed a malignant myoepethelioma in his jawbone as a result of exposure to radioactive materials. SUF ¶ 11. He was first diagnosed in 2007. *Id*. Mr. Cifrodella filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on October 2, 2013. SUF ¶ 12. His original complaint was filed more than 5 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 13.

**Cotromano**. Ms. Cotromano alleges that she developed an optic nerve glioma as a result of exposure to radioactive materials. SUF ¶ 15. She was first diagnosed in May 2004. *Id*. Ms. Cotromano filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. SUF ¶ 16. Her original complaint

was filed more than 9 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 17.

**DeCarlo**. Ms. DeCarlo alleges that she developed an ependymoma as a result of exposure to radioactive materials. SUF ¶ 19.  She was first diagnosed in February 2008. *Id*. Ms. DeCarlo filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. SUF ¶ 20. Her original complaint was filed more than 5 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 21.

**Dunsford**. Mr. Dunsford alleges that he developed a mixed glial brain tumor as a result of exposure to radioactive materials. SUF ¶ 23. He was first diagnosed in February 2008. *Id*. Mr. Dunsford filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. SUF ¶ 24. His original complaint was filed more than 5 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 25.

**Featherston**. Mr. Baratta's estate alleges that he developed a pilocytic astrocytoma as a result of exposure to radioactive materials. SUF ¶ 27. He was first diagnosed in January 2005. *Id*. Mr. Baratta's estate filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on September 9, 2011. SUF ¶ 28. His original complaint was filed more than 6 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 29.

**Florez**. Mr. Florez's estate alleges that he developed a glioma as a result of exposure to radioactive materials. SUF ¶ 31. He was first diagnosed in April 2005. *Id*. Mr. Florez's estate filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on November 4, 2013. SUF ¶ 32. His original complaint was filed more than 8 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 33.

**Guarin**. Ms. Guarin alleges that she developed a meningioma as a result of exposure to radioactive materials. SUF ¶ 35. She was first diagnosed no later than September 14, 2009. *Id*. Ms. Guarin filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on October 2, 2013. SUF ¶ 36. Her original complaint

was filed more than 4 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 37.

**Lozada**. Ms. Lozada alleges that she developed an arachnoid cyst as a result of exposure to radioactive materials. SUF ¶ 39. She was first diagnosed in May 2009. *Id*. Ms. Lozada filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on October 22, 2013. SUF ¶ 40. Her original complaint was filed more than 4 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 41.

**Newfield**. Ms. Newfield alleges that she developed a pilocytic astrocytoma as a result of exposure to radioactive materials. SUF ¶ 43. She was first diagnosed in November 2005. *Id*. Ms. Newfield filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. SUF ¶ 44. Her original complaint was filed more than 8 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 45.

**Peart**. Ms. Peart alleges that she developed a pilocytic astrocytoma as a result of exposure to radioactive materials. SUF ¶ 47. She was first diagnosed in February 2008. *Id.* Ms. Peart filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on November 5, 2013. SUF ¶ 48. Her original complaint was filed more than 5 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 49.

**Stoica**. Ms. Stoica alleges that she developed a meningioma as a result of exposure to radioactive materials. SUF ¶ 51. She was first diagnosed in July 2009. *Id*. Ms. Stoica filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on December 9, 2013. SUF ¶ 52. Her original complaint was filed more than 4 years after she was diagnosed with cancer and, therefore, her claims are untimely under Florida's statute of limitations. SUF ¶ 53.

**Thibodeau**. Mr. Thibodeau alleges that he developed a meningioma as a result of exposure to radioactive materials. SUF ¶ 55. He was first diagnosed in March 2007. *Id*. Mr. Thibodeau filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on September 11, 2013. SUF ¶ 56. His original

complaint was filed more than 6 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 57.

**Wise**. Mr. Wise alleges that he developed a meningioma as a result of exposure to radioactive materials. SUF ¶ 59. He was first diagnosed in April 2008. *Id*. Mr. Wise filed his initial complaint in this Court on May 19, 2014. SUF ¶ 60. His original complaint was filed more than 6 years after he was diagnosed with cancer and, therefore, his claims are untimely under Florida's statute of limitations. SUF ¶ 61.

### C.   There are no exceptions that toll the statute of limitations for Plaintiffs' claims.

Given the clear record that Plaintiffs' claims are time-barred, Pratt & Whitney expects that Plaintiffs will argue one or more exceptions applied to toll the statute of limitations. Many of these exceptions were considered, and rejected, by the Court in a portion of its *Santiago* order that Plaintiffs' counsel did not challenge on appeal. *See* DE 407 (Lead Action 10-cv-80883) at 10-14; *Pinares*, 973 F.3d at 1259. There is no legal or factual basis for the Court to revisit its prior decision. Regardless, there is no applicable exception that tolls the statute of limitations for Plaintiffs' claims.

*No "delayed discovery" rule applies to Plaintiffs' claims*. Plaintiffs have previously argued that a "delayed discovery" rule should apply to toll the statute of limitations on their claims. As this Court previously held, "the delayed discovery rule [] is only available for claims of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse" under Florida law. DE 407 (Lead Action 10-cv-80883) at 10 (citing *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1280 (11th Cir. 2003) and *Davis v. Monahan*, 832 So. 2d 708, 710 (Fla. 2002)). Plaintiffs' claims do not fit into the narrow universe of claims subject to the delayed discovery rule under Florida law. *Id.* at 11. Likewise, the Eleventh Circuit affirmed this Court's decision that the so-called "federally required commencement date" incorporated into CERCLA does not apply to Plaintiffs' federal PAA claims. *Pinares*, 973 F.3d at 1261.

*The "continuing tort" doctrine does not apply to Plaintiffs' personal injury claims*. Plaintiffs have suggested that they can avoid the statute of limitations under the "continuing tort" doctrine whereby the statute of limitations is tolled until "the injury is abated." DE 534 (Lead Action 10-cv-80883) at 5. The "continuing tort" cases cited by Plaintiffs in their response to the Order to Show Cause are all in the context of parties seeking recovery for damage to property from ongoing contamination, rather than personal injury cases like those at issue here. *See id.*

(citing *Irizarry v. Orlando Utilities Comm'n*, Case No. 6:19-cv-268-Orl-37EJK, 2020 WL 3266215 (M.D. Fla. Apr. 3, 2020), *Fla. Dep't of Envtl. Reg. v. CTL Distrib., Inc.*, 715 So. 2d 262 (Fla. Dist. Ct. App. 1998) (pursuing remedy to abate soil contamination), and *Fla. Dep't of Envtl. Prot. v. Fleet Credit Corp.*, 691 So. 2d 512 (Fla. Dist. Ct. App. 1997) (pursuing remediation of soil and groundwater contamination)).

Plaintiffs do not seek to remedy *ongoing* tortious activity by Pratt & Whitney, instead they seek recovery for alleged injuries stemming from claimed historical misconduct. *Id.* "When a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *Suarez v. City of Tampa*, 987 So. 2d 681, 686 (Fla. Dist. Ct. App. 2008). As this Court has previously recognized, the "continuing tort" doctrine is inapplicable to cases like the Plaintiffs present here. DE 407 (Lead Action 10-cv-80883) at 13 ("Even if there were such allegations [of on-going contamination], the tort was completed when Cynthia [Santiago] allegedly contracted cancer from the nuclear contamination. Thus, there would not be a continuing invasion of Cynthia's rights after she allegedly contracted cancer.").

***Section 376 does not allow Plaintiffs to evade the statute of limitations***. Pratt & Whitney anticipates that Plaintiffs will argue that their § 376 claims should survive because they assert those claims are not subject to a statute of limitations. DE 534 (Lead Action 10-cv-80883) at 5. As an initial matter, Pratt & Whitney is entitled to judgment on Plaintiffs' § 376 claims without regard to the statute of limitations. *See supra* Section II.C. Plaintiffs' § 376 claims are limited to non-radioactive contaminants for which they have failed to plead causation or provide support in the record to link them to brain cancer. Even if the claims are expanded to address alleged radioactive contamination, PAA preemption requires dismissal of these strict liability claims.

Plaintiffs' contention that there is no statute of limitations under the § 376 is also untenable. Their argument focuses primarily on a single Middle District of Florida case that concluded that the statute of limitations was not a defense in a § 376 action because the defense is not listed in § 376.308(2). *See Jerue*, 2017 WL 10876737, at *5-6. According to Plaintiffs, the only defenses available for a § 376 claim are those expressly identified in § 376.308(2) and the statute of limitations is not listed. The problem with Plaintiffs' reading of § 376.308(2) is that it would bar *all* legal and statutory defenses not listed in the statute, including basic defenses like personal jurisdiction, *res judicata*, and improper venue. *See Gen. Dynamics*, 53 So. 3d at 338.

Recognizing that such an interpretation of § 376.308(2) leads to an absurd result, the *General Dynamics* court interpreted the statute narrowly as only limiting the "exceptions to the general rule of strict liability" available under § 376. *Id*. Consistent with *General Dynamics*, the weight of cases evaluating the statute of limitations for § 376 claims have analyzed the timeliness of claims under Florida Statute § 95.11(3)(f), which applies a 4-year statute of limitations to causes of action based on statutory liability. *See, e.g.*, *Clark v. Ashland Inc.*, No. 2:13–cv–794–FtM–29DNF, 2015 WL 1470657, at *4 (M.D. Fla. Mar. 31, 2015) (analyzing the timeliness of plaintiffs' § 376 claims under Fla. Stat. 95.11(3)(f)); *See Cal. Fin., LLC v. Perdido Land Dev. Co.*, 303 F. Supp. 3d 1306, 1310-11 (M.D. Fla. 2017) (same); *see also Irizarry*, 2020 WL 3266215, at *2 (identifying the availability of a statute of limitations for § 376 claims as an "interesting" question "best left for the Florida state courts to determine" before analyzing the timeliness of the claims under Fla. Stat. 95.11(3)(f)).[14] The better reading of the case law is that § 376 claims, like the ones asserted by the Plaintiffs in this case, are subject to the 4-year statute of limitations.

Accepting for a moment that a statute of limitations defense is not available under § 376, it would nevertheless be inappropriate to apply that rule to Plaintiffs' PAA claims. As discussed above, the purpose of the PAA was to encourage private industry to develop nuclear expertise, in part, by limiting the scope of potential liability associated with using radioactive materials. *See Roberts*, 146 F.3d at 1306; *Corcoran*, 202 F.3d at 539 ("Congress enacted Price-Anderson to… encourage private sector participation in the atomic energy industry by reducing the threat of potentially enormous liability arising out of the operation of an atomic energy plant."). While the PAA adopts certain substantive rules of decision from state law to fill out the PAA claims, it only does so "unless such law is inconsistent with the provisions" of the Act. *See* 42 U.S.C. § 2014(hh). Adopting Plaintiffs' position that there is no statute of limitations applicable to their PAA claims would be inconsistent with the liability-narrowing framework of the Act.[15] As such,

---

[14] Many of the cases analyzing the statute of limitations under § 376 ultimately conclude that such claims are subject to the "continuing tort" doctrine because the claims seek to abate ongoing contamination. *See, e.g.*, *Irizarry*, 2020 WL 3266215, at *2. As explained above, the continuing tort doctrine does not apply to these personal injury claims.

[15] Adopting the position that there is no statute of limitations applicable to Plaintiffs' claims due to the operation of § 376 would also create tension with how the PAA balances regular nuclear incidents (like those alleged here) and "extraordinary nuclear occurrences." Under the Act, "extraordinary nuclear occurrence[s]" are subject to a 3-year statute of limitations that runs from when the claimant first became aware of her injury. *See* 42 U.S.C. § 2210(n)(1).

it would be improper to incorporate such a rule into Plaintiffs' PAA claims, even if the Court accepted Plaintiffs' interpretation of availability of statute of limitations defenses under § 376 (which it should not).

*        *        *

Plaintiffs' claims are subject to Florida's 4-year statute of limitations. Each of their claims accrued when they were first diagnosed with cancer, which in all cases was more than four years before they filed their first complaint. There are no applicable exceptions that toll the statute of limitations for Plaintiffs' claims. As such, Pratt & Whitney is entitled to judgment in each of these cases because they are time-barred.

## CONCLUSION

For the reasons stated above, the Court should grant Pratt & Whitney summary judgment against each of these Plaintiffs. Their state common law claims (including negligence, trespass, loss of consortium, and wrongful death) are preempted by the PAA and untimely under the applicable statute of limitations. Likewise, they have a fundamental failure of proof that entitles Pratt & Whitney to summary judgment on their § 376 claims. To the extent their § 376 claims are interpreted to apply to Plaintiffs' allegation that exposure to radioactive materials caused their cancers, then those claims are also preempted under the PAA and must be dismissed entirely as inconsistent with the provisions of the PAA. Preemption aside, Plaintiffs' § 376 claims are also time-barred.

---

Plaintiffs' interpretation would create a universe in which there is only a 3-year window to file a claim regarding a more significant "extraordinary nuclear occurrence" but an unbounded period to file a claim for a relatively lesser nuclear incident. This inconsistency between § 376 and the PAA framework is a further reason that it would be inappropriate for the Court to adopt any elements of a § 376 as the substantive rules of decision for Plaintiffs' claims.

## REQUEST FOR HEARING

Pratt & Whitney respectfully requests a hearing on this motion. Pratt & Whitney believes that oral argument will aid this Court in understanding the facts and issues presented in the parties' briefing. Pratt & Whitney estimates that this motion requires 120 minutes of oral argument.

Dated:  October 7, 2022                    Respectfully submitted,

                                           By: */s/ Gregor J. Schwinghammer*
                                           GUNSTER, YOAKLEY & STEWART, P.A.
                                           777 South Flagler Drive, Suite 500 East
                                           West Palm Beach, FL 33401
                                           Telephone: (561) 650-0595
                                           Facsimile: (561) 655-5677
                                           GREGOR J. SCHWINGHAMMER, JR.
                                           Florida Bar No. 090158
                                           gschwinghammer@gunster.com
                                           BARBARA BOLTON LITTEN
                                           Florida Bar No. 0091642
                                           blitten@gunster.com

                                           BARTLIT BECK LLP
                                           54 West Hubbard Street, Suite 300
                                           Chicago, IL 60654
                                           Phone: (312)-494-4448
                                           Fax: (312)-494-4440
                                           SEAN W. GALLAGHER
                                           *Pro Hac Vice*
                                           sean.gallagher@bartlitbeck.com
                                           ANDREW C. MACNALLY
                                           *Pro Hac Vice*
                                           andrew.macnally@bartlitbeck.com
                                           DANIEL R. MCELROY
                                           *Pro Hac Vice*
                                           daniel.mcelroy@bartlitbeck.com
                                           ALEX GRODEN
                                           *Pro Hac Vice*
                                           alex.groden@bartlitbeck.com
                                           WILL GOHL
                                           *Pro Hac Vice*
                                           will.gohl@bartlitbeck.com

Pratt & Whitney's Motion for Summary Judgment
And Incorporated Memorandum of Law

<u>Index to Exhibits</u>

| Exhibit: | Exhibit Description: |
|---|---|
| 1 | Map of Acreage |
| 2 | August 2009, FDOH Acreage Cancer Review, Palm Beach County |
| 3 | August 10, 2010, FDEP Letter re sampling events in the Acreage, Palm Beach County |
| 4 | December 22, 2017, Plaintiffs' Notice of Serving Expert Reports (Lead Action 10-CV-80883) |
| 5 | December 22, 2017, Expert Report of William Sawyer |
| 6 | March 22, 2016, Expert Report of Arie Perry, M.D. |
| 7 | December 26, 2018, Civil Appeal Statement (Case No. 18-15104) |
| 8 | September 9, 2011, Featherston State Court Complaint (Case No. 2011CA013759) |