UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-80883-CIV-MARRA
Consolidated Case: Lead Action

MAGALY PINARES, et al.,
    Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

RICHARD COTROMANO et al.,      Case No. 13-80929-Civ-Marra
    Plaintiffs,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

KRISTINA MARIE DECARLO      Case No. 13-80930-Civ-Marra
    Plaintiff,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

JESSICA NEWFIELD,      Case No. 13-80931-Civ-Marra
    Plaintiff,

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

2

| | |
|---|---|
| GREGORY DUNSFORD ET AL.,<br>    Plaintiffs, | Case No. 13-80932-Civ-Marra |

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

| | |
|---|---|
| STEVEN THIBODEAU, ET AL.,<br>    Plaintiffs, | Case No. 13-81019-Civ-Marra |

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

| | |
|---|---|
| THOMAS CIFRODELLA,<br>    Plaintiff, | Case No. 13-81044-Civ-Marra |

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

| | |
|---|---|
| IDA LOZADA,<br>    Plaintiff, | Case No. 13-81136-Civ-Marra |

vs.

RAYTHEON TECHNOLOGIES
CORPORATION, Pratt & Whitney Group,
a Delaware Corporation,
    Defendant.
_____/

| | |
|---|---|
| FEDRA MORENO FLOREZ, Personal Representative of the Estate of Alex Florez,<br>    Plaintiff, | Case No. 13-81179-Civ-Marra |
| vs. | |
| RAYTHEON TECHNOLOGIES CORPORATION, Pratt & Whitney Group, a Delaware Corporation,<br>    Defendant.<br>_____/ | |
| YVETTE PEART ET AL.,<br>    Plaintiffs, | Case No. 13-81180-Civ-Marra |
| vs. | |
| RAYTHEON TECHNOLOGIES CORPORATION, Pratt & Whitney Group, a Delaware Corporation,<br>    Defendant.<br>_____/ | |
| RONALD G. WISE, ET AL.,<br>    Plaintiffs, | Case no. 14-80655-Civ-Marra |
| vs. | |
| RAYTHEON TECHNOLOGIES CORPORATION, Pratt & Whitney Group, a Delaware Corporation,<br>    Defendant.<br>_____/ | |
| JOYCE FEATHERSTON, Personal Representative of the Estate of Joseph Michael Baratta, decedent,<br>    Plaintiff, | Case No. 17-80545-Civ-Marra |
| vs. | |
| RAYTHEON TECHNOLOGIES CORPORATION, Pratt & Whitney Group, a Delaware Corporation,<br>    Defendant.<br>_____/ | |

# **OPINION AND ORDER**[1]

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 539). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised the premises.

I. Background

Defendant Pratt & Whitney ("Defendant") operates a facility in Palm Beach County, Florida. The facility is separated from the area in Palm Beach County known as the Acreage by approximately 25 square miles of undeveloped land in the Corbett Wildlife Management Area. (DE 548 at ¶ 1.) In 2009, the Florida Department of Health initiated an investigation into the Acreage in response to resident concerns about elevated cancer rates. (FDOH Aug. 2009 Report, DE 540-2.)

Cancer victims Thomas Cifrodella, Elizabeth Cotromano, Kristina DeCarlo, Garrett Dunsford,.Joseph Baratta, through his estate, Alex Florez, through his estate, Carolina Gaurin, Jessica Newfield, Rodeania Peart, Patricia Stoica, Steven Thibodeau, and Ronald Wise (the "Statute of Limitations Plaintiffs" "Plaintiffs") each filed personal injury claims against Pratt & Whitney in which they allege their cancers were caused by exposure to radioactive materials that Pratt & Whitney discharged into the environment. (DE 548 at ¶ 3.)

Cynthia Santiago's case (14-CV-81385) was the first case set for trial among the

---

[1] The Court presumes familiarity with its prior Orders.

consolidated cases.[2] (DE 548 at ¶ 8.)  Following the Court's summary judgment order in Cynthia Santiago's case entered in favor of Pratt & Whitney,[3] these Plaintiffs sought a stay of their individual cases pending Santiago's appeal. (Id. at ¶ 9.)

With respect to the Plaintiffs at issue in this motion, Mr. Cifrodella alleges that he developed a malignant myoepethelioma in his jawbone as a result of exposure to radioactive materials. He was first diagnosed in 2007. (Id. at ¶ 11.)  Mr. Cifrodella filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on October 2, 2013. (Id. at ¶ 12.)  Mr. Cifrodella's original complaint was filed more than 5 years after he was diagnosed with cancer. (Id. at ¶ 13.)  Mr. Cifrodella asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 of the Florida Statutes (hereinafter "Chapter 376") (Count V). (Id. at ¶ 14.)

Ms. Cotromano alleges that she developed an optic nerve glioma as a result of exposure to radioactive materials. She was first diagnosed in May 2004. (Id. at ¶ 15.)  Ms. Cotromano filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. (Id. at ¶ 16.)   Ms. Cotromano's original complaint was filed more than 9 years after she was diagnosed with cancer. (Id. at ¶ 17.)

---

[2] These Plaintiffs' individual cases were consolidated with Cynthia Santiago's case (14-CV-81385), among others, for all pre-trial purposes. (DE 548 at ¶ 5.)

[3] The Court granted Defendant's motion for summary judgment (DE 407 in case no. 10-CV-80883).  The Court ruled that Plaintiff Cynthia Santiago's claims were preempted by the Price Anderson Act ("PAA"), the tolling provision of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") did not apply to claims brought under the PAA, and Florida's four-year statute of limitations period applied.  The Order also rejected Santiago's assertion that other exceptions under Florida law tolled either the accrual or running of the limitations period. On appeal, Santiago only pursued the arguments relating to the PAA and CERCLA, and not the ruling relative to the tolling exceptions available under Florida law.  The Eleventh Circuit affirmed this Court's ruling that CERCLA's tolling provisions did not apply and Santiago's claims were subject to Florida's four-year statute of limitations. Pinares v. United Techs. Corp., 973 F.3d 1254 (11th Cir. 2020).  When referring to both the district court and 11th Circuit case, the Court will hereinafter refer to them as the Pinares case.

Ms. Cotromano asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 18.)

Ms. DeCarlo alleges that she developed an ependymoma as a result of exposure to radioactive materials. She was first diagnosed in February 2008. (Id. at ¶ 19.) Ms. DeCarlo filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. (Id. at ¶ 20.) Ms. DeCarlo's original complaint was filed more than 5 years after she was diagnosed with cancer. (Id. at ¶ 21.) Ms. DeCarlo asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 22.)

Mr. Dunsford alleges that he developed a mixed glial brain tumor as a result of exposure to radioactive materials. He was first diagnosed in February 2008. (Id. at ¶ 23.) Mr. Dunsford filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. (Id. at ¶ 24.) Mr. Dunsford's original complaint was filed more than 5 years after he was diagnosed with cancer. (Id. at ¶ 25.) Mr. Dunsford asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 26.)

Mr. Baratta's estate alleges that he developed a pilocytic astrocytoma as a result of exposure to radioactive materials. He was first diagnosed in January 2005. (Id. at ¶ 27.) Mr. Baratta's estate filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on September 9, 2011. (Id. at ¶ 28.) Mr. Baratta's original complaint was filed more than 6 years after he was diagnosed with cancer. (Id. at ¶ 29.) Mr. Baratta asserts wrongful death claims against Pratt & Whitney sounding in negligence (Count I), trespass (Count II), and under the Price-Anderson Act (Count III). (Id. at

¶ 30.)

Mr. Florez's estate alleges that he developed a glioma as a result of exposure to radioactive materials. He was first diagnosed in April 2005. (Id. at ¶ 31.) Mr. Florez's estate filed its initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on November 4, 2013. (Id. at ¶ 32.) Mr. Florez's estate's original complaint was filed more than 8 years after he was diagnosed with cancer. (Id. at ¶ 33.) Mr. Florez's estate asserts a wrongful death claim against Pratt & Whitney sounding in negligence. (Id. at ¶ 34.)

Ms. Lozada alleges that she developed an arachnoid cyst as a result of exposure to radioactive materials. She was first diagnosed in May 2009. (Id. at ¶ 39.) Ms. Lozada filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on October 22, 2013. (Id. at ¶ 40.) Ms. Lozada's original complaint was filed more than 4 years after she was diagnosed with cancer. (Id. at ¶ 41.) Ms. Lozada asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), Chapter 376 (Count V), and loss of consortium (Count VI). (Id. at ¶ 42.)

Ms. Newfield alleges that she developed a pilocytic astrocytoma as a result of exposure to radioactive materials. DE 62 (13-CV-80931) ¶¶ 6-20. She was first diagnosed in November 2005. (Id. at ¶ 43.) Ms. Newfield filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on August 16, 2013. (Id. at ¶ 44.) Ms. Newfield's original complaint was filed more than 8 years after she was diagnosed with cancer. (Id. at ¶ 45.) Ms. Newfield asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 46.)

7

Ms. Peart alleges that she developed a pilocytic astrocytoma as a result of exposure to radioactive materials. She was first diagnosed in February 2008. (Id. at ¶ 47.) Ms. Peart filed her initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on November 5, 2013. (Id. at ¶ 48.)  Ms. Peart's original complaint was filed more than 5 years after she was diagnosed with cancer. (Id. at ¶ 49.)  Ms. Peart asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 50.)

Mr. Thibodeau alleges that he developed a meningioma as a result of exposure to radioactive materials. He was first diagnosed in March 2007. (Id. at ¶ 55.)  Mr. Thibodeau filed his initial complaint in the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, on September 11, 2013. (Id. at ¶ 56.)  Mr. Thibodeau's original complaint was filed more than 6 years after he was diagnosed with cancer. (Id. at ¶ 57.)  Mr. Thibodeau asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), and Chapter 376 (Count V). (Id. at ¶ 58.)

Mr. Wise alleges that he developed a meningioma as a result of exposure to radioactive materials. He was first diagnosed in April 2008. (Id. at ¶ 59.) Mr. Wise filed his initial complaint in the United States District Court for the Southern District of Florida on May 19, 2014. (Id. at ¶ 60.)  Mr. Wise's original complaint was filed more than 6 years after he was diagnosed with cancer. (Id. at ¶ 61.)  Mr. Wise asserts claims against Pratt & Whitney under the Price-Anderson Act (Count I), negligence (Count II), trespass (Count IV), Chapter 376 (Count V), and loss of consortium (Count VI). (Id. at ¶ 62.)

Defendant has asserted a statute of limitations defense against each of these Plaintiffs. (Id. at ¶ 63.)

In moving for summary judgment, Defendant asserts that the Court's prior summary judgment ruling in the Pinares case mandates summary judgment against these Plaintiffs based on the statute of limitations. Defendant contends that the PAA preempts all state common law claims for bodily injury arising from alleged nuclear incidents. With respect to the Chapter 376 claims, Defendant states that it is entitled to summary judgment because either there is no evidence that any of the brain cancers are attributable to non-radioactive materials and, with respect to those claims that resulted from radioactive materials, the PAA would preempt those claims. With respect to Plaintiffs' PAA claims, Defendant argues that those claims are time-barred under Florida's four-years statute of limitations. Lastly, Defendant contends that there are no exceptions to Florida's four-year statute of limitations based on the concepts of "delayed discovery," or "continuing tort;" and Defendant further asserts, contrary to Plaintiffs' contention, that there is an applicable statute of limitations for Chapter376 claims.

Plaintiffs respond that the 11th Circuit decision, Pinares v. United Techs. Corp., 973 F.3d 1254 (11th Cir. 2020), is not dispositive in this case, although Plaintiffs state that they do not seek "refuge from the Statute of Limitations defense through the [Federally Required Commencement Date]-which was the lone avoidance to the Statute of Limitations defense reviewed in [*sic*] by the Eleventh Circuit." (DE 549 at 6.)[4] Additionally, Plaintiffs argue that a public liability claim is a latent injury claim that accrues upon manifestation of both an injury and its causal relation to an exposure event and the accrual date is a jury question that cannot be said to have occurred at any time before the declaration of a cancer cluster. With respect to the Chapter 376 claims, Plaintiffs contend that there is no applicable statute of limitations defense or, alternatively, if there is one, it begins to run only when the harm is abated. Lastly, Plaintiffs state

---

[4] The Court cites to the page assigned by Plaintiffs and not by CM/ECF.

that applying the PAA to an unlicensed and non-indemnified user of nuclear materials violates Article III of the United States Constitution and the case should be remanded to state court.

In reply, Defendant states that Plaintiffs' reliance on the "manifestation discovery doctrine" is misplaced because it only applies in the products liability context. With respect to the Chapter 376 claims, Defendant states that claims under that chapter are fundamentally inconsistent with the PAA, such that it cannot provide the substantive rules of decision for a public liability claim under the PAA, and Florida's four-year statute of limitations applies to Chapter 376 claims. Finally, Defendant states that the PAA preempts Plaintiffs' claims against Defendant.

II. Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. When the nonmoving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file

demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. <u>Discussion</u>

As the parties are aware, this Court previously held in the <u>Pinares</u>, which was affirmed on appeal, that Ms. Santiago's state law claims were preempted by the PAA[5] and that the PAA adopted Florida's four-year statute of limitations period. In addition, this Court ruled that there were no applicable exemptions under Florida law to toll the statute of limitations on Ms. Santiago's claim. Relevant to this motion is this Court's discussion of the delayed discovery doctrine which Ms. Santiago raised as a defense to the statute of limitations issue. There this Court stated:

> With respect to the delayed discovery doctrine, the Court finds this doctrine inapplicable. The delayed discovery doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action. <u>Raie v. Cheminova, Inc.</u>, 336 F.3d 1278, 1280 (11th Cir. 2003) (quoting <u>Hearndon v. Graham</u>, 767 So. 2d 1179, 1184 (Fla. 2000)). The delayed discovery rule, however, is only available for claims of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse. <u>Id.</u> (citing <u>Davis v. Monahan</u>, 832 So.2d 708, 710 (Fla. 2002)).

<u>Pinares v. United Techs. Corp.</u>, No. 10-80883-CIV, 2018 WL 10502426, at *5 (S.D. Fla. Nov. 14, 2018).

Because Ms. Santiago did not purse an appeal on the delayed discovery doctrine, Plaintiffs here seek to avoid the statute of limitations defense that applied against Ms. Santiago by presenting alternative arguments to the previously rejected assertion of the delayed discovery doctrine. In response to Defendant's argument that these Plaintiffs' claims are time-barred,

---

[5] The Court will not revisit this portion of the ruling and finds that Plaintiffs state common law claims are preempted by the PAA. For the purposes of clarity, however, the Court simply notes that in 1988, Congress amended the PAA to mandate that all nuclear accidents be litigated in federal courts. 42 U.S.C. § 2210(n)(2) (creating federal jurisdiction and allowing removal to federal court for cases "resulting from a nuclear incident"); <u>id.</u> § 2014(q) (defining "nuclear incident" as an injury "resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special, nuclear, or byproduct material"); <u>Roberts v. Florida Power & Light Co.</u>, 146 F.3d 1305, 1306 (11th Cir.1998) (amendments served to create an "exclusive federal cause of action for radiation injury"). Federal courts, however, apply the substantive law of the state in which the nuclear incident occurred unless to do so is inconsistent with the PAA. 42 U.S.C. § 2014(hh).

12

Plaintiffs contend that the Court should apply the "manifestation discovery doctrine." (DE 549 at 8.) Under this doctrine, a claim does not accrue until a plaintiff is on notice of a causal connection between the discovery of the injury and the conduct of the defendant. Defendant, however, contends that this doctrine only applies in product liability cases. Thus, Defendant asserts Plaintiffs are governed instead by the default rule that a cause of action accrues when the last element constituting the cause of action occurs, which in this case means no later than when Plaintiffs were diagnosed with cancer.[6]

Florida Statute § 95.031(1) provides that "a cause of action accrues when the last element constituting the cause of action occurs." Florida Statute § 95.031(1). Generally, the "long-standing rule" for personal injury claims is that "the cause of action accrues and the statute begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained have been ascertained." Larson & Larson, P.A. v. TSE Indus., Inc., 22 So. 3d 36, 42 (Fla. 2009). "[T]he only statutory bases for the delayed discovery rule are in 'cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse.'" R.R. v. New Life Cmty. Church of CMA, Inc., 303 So. 3d

---

[6] The Court is not holding that the date of diagnosis is the date the causes of action accrued. The accrual date would have been earlier when Plaintiffs first contracted the disease. That date, however, is not known. The date of diagnosis is the latest date that Plaintiffs would have become aware of their injury. It is for that reason that the date of diagnosis is being used as the date by which Plaintiffs were aware of the injury and the latest date from which the limitations period began to run.

Both parties rely upon Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514 (11th Cir. 1996). There, the Eleventh Circuit applied Florida law; specifically, that a cause of action for limitations purposes accrues when the last element constituting the cause of action occurs and the plaintiff should have known or discovered the injury. Id. at 1519. Significantly, the Eleventh Circuit found that the fact that a plaintiff did not know the full extent of his injury or that the most substantial damages did not occur until a later date did not postpone the running of the statute of limitations. Here, Plaintiffs were legally damaged when they were diagnosed with cancer, an objective indication of the *latest* possible date of the accrual of Plaintiffs' alleged injuries.

916, 921 (Fla. 2020). "The statutory framework leaves no room for supplemental common law accrual rules." Id. at 923.

Here, Plaintiffs' state law claims sound in negligence, trespass, wrongful death and loss of consortium which, as discussed in Pinares, are preempted by the PAA and therefore are subject to the four-year statute of limitations provided under Florida law. Florida Statute §§ 95.11(3); 768.19; see Pinares, 973 F.3d at 1259 ("As we've said, Florida law required Cynthia [Santiago] to file her lawsuit within four years of her cancer diagnosis.")

Plaintiffs, however, argue that the "manifestation doctrine" differs from the delayed discovery rule. Unlike the instant case, the cases cited by Plaintiffs in support of this proposition all involve product liability[7] and some of these cases find that it is a jury question as to when the statute of limitations begins to run. These product liability cases hold that the manifestation of a latent injury in a product liability claim occurs when the plaintiff is on notice of a causal connection between exposure to the allegedly defective product and the resultant injury. See, e.g., Barnes v. Clark Sand Co., 721 So.2d 329, 332 (Fla. Dist. Ct. App. 1998). Plaintiffs fail, however, to provide support for this "manifestation doctrine" outside of the product liability context. Significantly, a products liability claim is one that seeks damages caused by the manufacture, design, formulation, installation, preparation or assembly of a *product,* regardless of whether the claim is based on a theory of negligence, strict liability, nuisance or similar theories. Florida Statute § 768.81(d) (emphasis added). The substance of the action, not the

---

[7] See Elkins v. R.J. Reynolds Tobacco Co., 65 F. Supp. 3d 1333 (M.D. Fla. 2014) (loss of consortium claim related to cigarettes); Carter v. Brown & Williamson Tobacco Corp., 778 So. 2d 932 (Fla. 2001) (products liability claims for negligence and strict liability involving a latent or "creeping" disease related to cigarettes); Pulmosan Safety Equip. Corp. v. Barnes, 752 So. 2d 556 (Fla. 2000) (products liability claim for negligence against sandblaster manufacturer); Diamond v. E.R. Squibb & Sons, Inc., 397 So. 2d 671 (Fla. 1981) (claims based on negligence and product liability against pharmaceutical manufacturer); Eagle-Picher Indus., Inc. v. Cox, 481 So. 2d 517 (Fla. Dist. Ct. App. 1986) (products liability claims related to asbestos products).

conclusory terms used by the party, is what controls.[8] There are no *products* alleged to be involved in causing the cancers in this case. Nonetheless, Plaintiffs seek to apply this doctrine in all toxic exposure cases which the Court cannot do.

Having rejected the use of the delayed discovery or manifestation doctrine, the Court must decide whether to apply Florida Statute § 95.031(1), which provides a four-years statute of limitations. Plaintiffs argue that the PAA claims should be guided by the substantive law of an analogous state statute, i.e., Chapter 376. The Court rejects Plaintiffs' argument that the applicable statute of limitations should stem from Chapter 376 instead of Florida Statute § 95.031(1).

First, the Court finds that the Chapter 376 claims, like the state common law claims, are preempted by the PAA to the extent they allege any injuries from radiological contaminants.[9] See Pinares, No. 10-80883-CIV, 2018 WL 10502426, at *5. Nonetheless, the Court will address whether Chapter 376 provides the analogous statute of limitations for the PAA claim.[10]

The PAA provides that "the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of such section." 42 U.S.C.A. § 2014 (hh). Plaintiffs assert that

---

[8] Despite Plaintiffs' argument to the contrary, it does not matter whether a claim is labeled "negligence" or "product liability." See Florida Statute § 768.81(c) ("'Negligence action' means, without limitation, a civil action for damages based upon a theory of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories. The substance of an action, not conclusory terms used by a party, determines whether an action is a negligence action."); Florida Statute § 768.81(d) ("'Products liability action' means a civil action based upon a theory of strict liability, negligence, breach of warranty, nuisance, or similar theories for damages caused by the manufacture, construction, design, formulation, installation, preparation, or assembly of a product. The term includes an action alleging that injuries received by a claimant in an accident were greater than the injuries the claimant would have received but for a defective product. The substance of an action, not the conclusory terms used by a party, determines whether an action is a products liability action.").

[9] Plaintiffs do not bring a Chapter 376 claim based on non-radiological contaminants. (See DE 548 at ¶ 7.)

[10] Otherwise, Florida's four-year statute of limitation applies to Plaintiffs' Chapter 376 claims and the claims are barred. Florida statute § 95.11(3)(f) (imposes a four-year statute of limitations on actions "founded on statutory liability.")

15

Chapter 376 claims are like PAA claims in that they both are "meant to address all damages arising from a prohibited act and contain limited defense[s]," and Chapter 376 "is not determined by a routine standard of care, but whether [ ] Defendant committed a prohibited act."  (DE 549 at 13-14.)  In contrast, Defendant contends that these laws treat a plaintiff's burden fundamentally inconsistently.  Whereas Chapter 376 lowers the burden on a plaintiff by "eliminating any requirement to prove that the defendant acted negligently or otherwise breached a defined standard of care," the PAA places a "heightened burden" on a plaintiff to encourage the use of nuclear materials in industry. (DE 550 at 5) (emphasis omitted).  See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1308 (11th Cir. 1998) (a PAA plaintiff must show "an amount of radiation in excess of the maximum permissible amount allowed by federal regulation.")

Other courts have agreed with Defendant and routinely dismiss strict liability claims as preempted and inconsistent with the PAA. See, e.g., City of Metropolis v. Honeywell Int'l, Inc., No. 21-CV-860-SMY, 2022 WL 17488478, at *4 (S.D. Ill. Dec. 7, 2022) ("allowing a claim for ultrahazardous/strict liability would be inconsistent with the PAA and create the possibility that [the defendant] met the mandated federal standard of care, but still be held strictly liable under [ ] state law."); Wilcox v. Homestake Mining Co., 401 F. Supp. 2d 1196, 1200–01 (D.N.M. 2005) ("Contrary to an action for negligence, an action for absolute or strict liability acts in the opposite of a federal safety regulation."); O'Connor v. Boeing N. Am., Inc., No. CV 00-0186 DT RCX, 2005 WL 6035255, at *43 (C.D. Cal. Aug. 18, 2005) (strict liability is inconsistent with the PAA). The Court chooses to follow this reasoning as well.

Although the Court concludes that Chapter 376 is inconsistent with the PAA and therefore does not provide the analogous statute of limitations, the Court will address, for the purposes of a complete record, Plaintiffs' assertion that there is no applicable statute of

limitations defense for the public liability claims predicated on Florida Chapter 376. In making this argument, Plaintiffs rely upon Jerue v. Drummond Co., Inc., No. 8:17-CV-587-T-17AEP, 2017 WL 10876737, at *6 (M.D. Fla. Aug. 17, 2017) which stated:

> Section 376.308 of the Florida Statutes does not contain a statute of limitations or statute of repose defense to a claim brought pursuant to Chapter 376 of the Florida Statutes. See Fla. Stat., 376.308(2)(1)(a)--(d). As a result, it is reasonable to infer that the Florida Legislature "deliberately omitted" any statute of limitations or statute of repose defense to a claim under Chapter 376 of the Florida Statutes. Consequently, the Plaintiffs' claims under Chapter 376 of the Florida Statutes are not barred by any statutes of limitations or statutes of repose.

Id.

The Court rejects the reasoning of Jerue and agrees instead with Defendant who states that "[t]he problem with Plaintiffs' reading of § 376.308(2)[11] is that it would bar *all* legal and statutory defenses not listed in the statute, including basic defenses like personal jurisdiction, *res judicata*, and improper venue." (DE 539 at 18) (emphasis in original). Other courts agree. See e.g., General Dynamics Corp. v. Brottem, 53 So. 3d 334, 338 (Fla. Dist. Ct. App. 2010) (the "more reasonable reading" of the "only defenses" language is to construe it more narrowly as "addressing exceptions to the general rule of strict liability, and not as broadly referring to any

---

[11] (2) In addition to the defense described in paragraph (1)(c), the only other defenses of a person specified in subsection (1) are to plead and prove that the occurrence was solely the result of any of the following or any combination of the following:
(a) An act of war;
(b) An act of government, either state, federal, or local, unless the person claiming the defense is a governmental body, in which case the defense is available only by acts of other governmental bodies;
(c) An act of God, which means only an unforeseeable act exclusively occasioned by the violence of nature without the interference of any human agency; or
(d) An act or omission of a third party, other than an employee or agent of the defendant or other than one whose act or omission occurs in connection with a contractual relationship existing, directly or indirectly, with the defendant, except when the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier or by rail, and the defendant establishes by a preponderance of the evidence that:
1. The defendant exercised due care with respect to the pollutant concerned, taking into consideration the characteristics of such pollutant, in light of all relevant facts and circumstances.
2. The defendant took precautions against any foreseeable acts or omissions of any such third party and against the consequences that could foreseeably result from such acts or omissions.

Florida Statute § 376.308(2).

and all statutory and legal defenses"); Clark v. Ashland, Inc., No. 2:13-CV-794-FTM-2, 2015 WL 1470657, at *4 (M.D. Fla. Mar. 31, 2015) ("Florida law provides that an action founded on statutory liability must be brought within four years from the time the last element constituting a cause of action accrues."); California Fin., LLC v. Perdido Land Dev. Co., 303 F. Supp. 3d 1306, 1310-11 (M.D. Fla. 2017) (analyzing the timelines of a Chapter 376 claim under Florida Statute § 95.11(3)(f)).

Based on the Court's determination that Florida Statute § 95.031(1) applies, and there is no genuine issue of material fact regarding whether these individual Plaintiffs filed their claims more than four years after they were initially diagnosed with cancer, their claims are barred by the Florida statute of limitations.

Finally, the Court briefly addresses Plaintiffs' argument that applying the PAA to an unlicensed and non-indemnified user of nuclear materials violates Article III of the United States Constitution. Simply put, the Court addressed and rejected this argument in the Pinares order. Pinares, No. 10-80883-CIV, 2018 WL 10502426, at *5 n.5 ("The Court rejects Plaintiffs' argument that the PAA does not apply if the defendant is not a licensed user of radioactive materials or does not have an indemnity agreement related to its use of radioactive materials."). The only case that Plaintiffs cite that adopts their argument, Strong v. Republic Servs., Inc., 283 F. Supp. 3d 759 (E.D. Mo. 2017), is no longer good law.  See In re Cotter Corp., (N.S.L.), 22 F.4th 788 (8th Cir.), cert. denied sub nom. Banks v. Cotter Corp., 143 S. Ct. 422 (2022).  As such, the Court concludes that the PAA preempts Plaintiffs' claims. Given that the PAA preempts Plaintiffs' claims, there is federal question jurisdiction over this action and there is no basis to consider Plaintiffs' request for remand.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 539) is **GRANTED**.

2) The Court will separately enter Judgment for Defendant.

3) The Court requests that the parties confer and attempt to agree on a proposal for moving forward with the remaining cases in these consolidated proceedings. If the parties are unable to agree, the Court requests that the parties submit their competing proposals within 14 days from the entry of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of April, 2023.

KENNETH A. MARRA
United States District Judge